657 A.2d 987

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Daniel YALE.**

Superior Court of Pennsylvania.

Submitted Feb. 13, 1995.

Filed April 25, 1995.

Scott C. Gartley, Asst. Dist. Atty., Wilkes–Barre, for Com., appellant.

Gerald Wassil, Wilkes–Barre, for appellee.

Before DEL SOLE, FORD ELLIOTT and HESTER, JJ.

HESTER, Judge:

This is a Commonwealth appeal from the August 29, 1994 judgment of sentence of one hundred eighty days to twenty-three months home confinement without electronic monitoring, plus fines, community service, and mandatory attendance in an alcohol safe driving school. The sentence was entered in the Luzerne County Court of Common Pleas after appellee, Daniel Joseph Yale, pled guilty to three counts of driving under the influence of alcohol, and to the summary offenses of driving while operating privileges are suspended and accidents involving damage to unattended vehicles. The Commonwealth claims that the trial court erred when it sentenced appellee to an intermediate punishment, specifically home confinement, after he pled guilty to violating 75 Pa.C.S. § 1543(b), since section 9721 of the Sentencing Code prohibits a sentence of intermediate punishment for any offense where a mandatory minimum sentence is applicable unless specifically authorized under section 9763 of the Sentencing Code. We agree and remand this case to the sentencing court for appropriate dispensation.

On January 15, 1994, Wilkes–Barre police officers were dispatched to investigate a reported hit-and-run accident in which two unattended vehicles sustained damage. Tamara Shanahen, an eyewitness to the accident, informed police that she observed a white 1985 Ford Thunderbird strike the parked automobiles. Police traced the ownership of the Thunderbird to Mabel Jones, who lived approximately one block from the accident scene. A police dispatcher telephoned the residence. The female who answered the call and appellee each told the dispatcher that appellee had been operating the Thunderbird. When officers arrived at the Jones' residence, they were met by an uncooperative Dee Dee Brown, appellee's girlfriend. Dee Dee Brown denied the officers' request to search for appellee. However, Mabel Brown, the owner of the Thunderbird informed police that appellee likely had fled to his residence. Officers arrived at appellee's residence and apprehended appellee in flight. They noted that appellee's gait was staggered, his speech was slurred, his eyes were

glassy, and there was a strong odor of alcohol about him. Appellee was arrested and charged with the crimes described *supra*. Appellee's blood alcohol content was .216%.

On June 17, 1994, appellee pled guilty to three counts of driving under the influence of alcohol in violation of 75 Pa.C.S. § 3731(a)(1), (4), and (5), to the summary offense of driving while his operating privileges were revoked, alcohol related, in violation of § 1543(b), and to accidents involving damage to unattended property in violation of 75 Pa.C.S. § 3745. On August 29, 1994, appellee was sentenced on the drunk driving violation to home confinement of one hundred eighty days to twenty-three months without electronic monitoring and immediate parole after the minimum sentence was served. Appellee was ordered to pay the costs of prosecution and a three hundred dollar fine. In addition, he was ordered to perform twenty-five hours of community service and attend an alcohol safe school. On the summary charge of driving with a suspended license, appellee was sentenced to ninety days home confinement, to run concurrent with his drunk driving sentence, and was fined one thousand dollars. On the summary charge of damaging unattended property, appellee was fined fifty dollars. On September 12, 1994, the Commonwealth filed this appeal.

We acknowledge that sentencing is a matter vested in the sound discretion of the trial court, and we will not disturb a sentence absent an abuse of discretion. *Commonwealth v. Eicher*, 413 Pa.Super. 235, 605 A.2d 337 (1992). However, when minimum sentences are mandated by statute, the court's discretion is restricted to compliance. Since it appears that the sentencing court has failed to comply with statutory sentencing mandates, we are constrained to conclude that a misapplication of law has resulted and find that an abuse of discretion has occurred. *See Commonwealth v. Kocher*, 529 Pa. 303, 602 A.2d 1308 (1992). Therefore, we must concur with the Commonwealth's position.

Section 9721 of the Sentencing Code expressly prohibits a sentence of intermediate punishment for any offense where a

mandatory minimum sentence is applicable *unless* specifically authorized under section 9763 of the Sentencing Code. *See* 42 Pa.C.S. § 9721(a.1). A violation of 75 Pa.C.S. § 3731(a) requires a mandatory minimum sentence of forty-eight hours imprisonment, plus fines, and a violation of 75 Pa.C.S. § 1543(b) requires a mandatory minimum sentence of ninety days imprisonment, plus fines.

42 Pa.C.S. § 9763(c) provides the following restriction:

A defendant convicted under 75 Pa.C.S. § 3731(e) (relating to driving under influence of alcohol or controlled substance) may only be sentenced to intermediate punishment:

(1) in a residential inpatient program or in a residential rehabilitative center; or

(2) by house arrest or electronic surveillance combined with drug and alcohol treatment.

However, 42 Pa.C.S. § 9763(c) provides no restriction for violations of 75 Pa.C.S. § 1543(b). Therefore, in the absence of an express restriction, it is clear that the mandatory minimum sentence applies.

Appellee's argument that the sentencing court was in the best position to weigh the facts and interpret the law is inapplicable instantly, since the legislature has dictated the appropriate sentence, and the court was bound by that determination.

We reverse and remand this case to the sentencing court for actions consistent with this decision. Jurisdiction relinquished.