661 A.2d 6

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Mark F. HARRISON, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 23, 1995.

Filed June 14, 1995.

Gerald P. Deady, Wilkes–Barre, for appellee.

Scott C. Gartley, Asst. Dist. Atty., Wilkes–Barre, for the Com., appellant.

Before POPOVICH, HUDOCK and HESTER, JJ.

HUDOCK, Judge:

In this appeal the Commonwealth challenges the sentence imposed upon Appellee after he entered a plea of guilty to driving under the influence, as well as the summary offense of driving while operating privilege is suspended or revoked, DUI-related.[1] We reverse and remand with instructions.

Appellee was sentenced to three months of house arrest and one year probation for his drunk driving conviction. On the summary offense of driving while operating privilege is suspended or revoked, DUI-related, Appellee was sentenced to intermediate punishment in the form of ninety days of home confinement. On appeal, the Commonwealth contends Appellee's sentence on this latter conviction is illegal because a sentence of home confinement does not constitute "imprisonment" as required by the statute charged. *See* 75 Pa.C.S.A. § 1543(b) ("upon conviction, . . . [the defendant] shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days."). Because section 9721(a)(1) of the Sentencing Code, 42 Pa.C.S.A., prohibits a sentence of intermediate punishment for any offense where a mandatory minimum sentence is applicable unless specifically authorized under section 9763 of the Sentencing Code, continues the Commonwealth, the court below erred in failing to impose a sentence of ninety days imprisonment for the summary conviction. We agree.

The Court recently agreed with the Commonwealth's present contention in *Commonwealth v. Yale*, 441 Pa.Super. 404, 657 A.2d 987 (1995). In *Yale*, Yale entered a plea of guilty to three counts of driving under the influence, the summary offense of driving while operating privileges were suspended or revoked, DUI-related, and the summary offense of accidents involving damage to unattended property. Thereafter, Yale was sentenced on the drunk driving violation to home confinement of six to twenty-three months without electronic monitoring and immediate parole after the minimum sentence

1. *See* 75 Pa.C.S.A. §§ 3731(a)(1) and 1543(b), respectively.

was served. He was ordered to pay the costs of prosecution and a $300.00 fine. In addition, he was ordered to perform twenty-five hours of community service and attend an alcohol safe school. On the section 1543(b) conviction Yale was sentenced to ninety days home confinement, to run concurrent with his drunk driving sentence, and to pay a $1,000.00 fine. On the summary charge of damaging unattended property, Yale was fined $50.00.

In its subsequent appeal, the Commonwealth contended that the trial court erred in failing to impose a sentence of ninety days imprisonment for the section 1543(b) conviction. This Court agreed, and reasoned as follows:

> Section 9721 of the Sentencing Code expressly prohibits a sentence of intermediate punishment for any offense where a mandatory minimum sentence is applicable *unless* specifically authorized under section 9763 of the Sentencing Code. *See* 42 Pa.C.S. § 9721(a)(1). A violation of 75 Pa.C.S. § 3731(a) requires a mandatory minimum sentence of forty-eight hours imprisonment, plus fines, and a violation of 75 Pa.C.S. § 1543(b) requires a mandatory minimum sentence of ninety days imprisonment, plus fines.
>
> 42 Pa.C.S. § 9763(c) provides the following restriction: A defendant convicted under 75 Pa.C.S. § 3731(e) (relating to driving under influence of alcohol or controlled substance) may only be sentenced to intermediate punishment:
>
> (1) in a residential inpatient program or in a residential rehabilitative center; or
>
> (2) by house arrest or electronic surveillance combined with drug and alcohol treatment.
>
> However, 42 Pa.C.S. § 9763(c) provides no restriction for violations of 75 Pa.C.S. 1543(b). Therefore, in the absence of an express restriction, it is clear that the mandatory minimum sentence applies.

*Id.* 441 Pa.Super. 409, 657 A.2d at 989 (emphasis in original).

█ In the present case, the trial court properly sentenced Appellee to an intermediate punishment for his driving under

the influence conviction pursuant to section 9763(c). However, the concurrent sentence of intermediate punishment for the section 1543(b) conviction was not permitted. Thus, as in *Yale*, we must reverse and remand.

Rather than filing an appellate brief, Appellee has forwarded to this Court a stipulation of the parties, which states that he has already served ninety days home confinement for the section 1543(b) conviction. Thus, Appellee contends that the present appeal is moot. We cannot agree.

█ In this case the Commonwealth timely moved for reconsideration of Appellee's sentence on the basis that the sentence for the suspension violation was illegal, that is, a home monitoring program was not an available sentencing alternative. Clearly, the Commonwealth had the right to pursue such a claim. As our Supreme Court stated in *Commonwealth v. Jones*, 520 Pa. 385, 554 A.2d 50 (1989):

> [B]oth the defendant and the Commonwealth have the right to appeal the legality of a sentence, 42 Pa.C.S.A. § 9781(a), and the illegal sentence imposed in this case would certainly have been corrected on appeal [because the minimum sentences imposed were greater than one-half of the maximum sentences. 42 Pa.C.S.A. § 9756(b) ]. Moreover, it has long been the opinion of a dissenting segment of this Court that an illegal sentence is a legal nullity, and sentencing courts must have the authority to correct such a sentence even if that means increasing the sentence. Accordingly, ... we find no merit to appellant's claim that the sentencing court herein improperly modified the original illegal sentence that was imposed by increasing the maximum period of incarceration after appellant had begun serving the sentence.

*Id.* 520 Pa. 389, 554 A.2d at 52 (citations and footnote omitted). *See also Commonwealth v. Kunish*, 529 Pa. 206, 214, 602 A.2d 849, 853 (1992) (with regard to the protections of the double jeopardy clause, statutes relevant to the length of a defendant's sentence may defeat a legitimate expectation of finality to a criminal sentence; a defendant is charged with knowledge of applicable statutory provisions); *Commonwealth v. Johnston*, 348 Pa.Super. 160, 164, 501 A.2d 1119, 1121

(1985), *aff'd,* 515 Pa. 454, 530 A.2d 74 (1987) (appellate review of defendant's sentence, as sought by the Commonwealth, and a possible subsequent increase therein, were not precluded by double jeopardy considerations); *Commonwealth v. Anderson,* 304 Pa.Super. 476, 482, 450 A.2d 1011, 1014 (1982) (no sentence is final until the right of appellate review has been exhausted or waived).

Although the court below denied the Commonwealth's motion, the motion and subsequent appeal put Appellee on notice that the Commonwealth maintained that the sentence was illegal. In addition, there exists in the present case no reliance by Appellee upon the assurance of prison authorities or other clerical errors which worked to Appellee's detriment. *See Commonwealth v. Kriston,* 527 Pa. 90, 588 A.2d 898 (1991) (defendant who was erroneously transferred by prison authorities into home monitoring, while being assured that time spent therein would be counted toward his minimum sentence, was entitled to credit for time served); *Jacobs v. Robinson,* 49 Pa.Commw. 194, 410 A.2d 959 (1980) (inasmuch as erroneous release was attributable to prison authorities rather than to any wrongdoing by the prisoner, the prisoner was entitled to credit for the time in question). As noted above, our Supreme Court has stated that an illegal sentence is a legal nullity. *Jones,* 554 A.2d at 52. Thus, although it appears Appellant served his "illegal sentence" concurrent with his legal sentence on the drunk driving conviction, this fact does not prevent this Court from remanding for the imposition of the mandatory minimum sentence he should have received for the section 1543(b) violation. To hold otherwise would condone the imposition of patently illegal sentences and would invite trial courts to fashion sentences contrary to clear legislative intent.

We reverse and remand this case to the sentencing court for actions consistent with this memorandum. Jurisdiction relinquished.

POPOVICH, J., files a concurring and dissenting statement.

POPOVICH, Judge, concurring and dissenting.

On the summary offense of driving while operating privilege is suspended or revoked, DUI related, 75 Pa.C.S.A. § 1543(b), appellee was sentenced to intermediate punishment in the form of ninety (90) days of "home confinement." While it is abundantly clear that the lower court imposed an illegal sentence for appellee's violation of 75 Pa.C.S.A. § 1543(b), I am convinced that manifest justice requires that we affirm his judgment of sentence. Accordingly, I dissent from that portion of the majority's opinion which remands this case for resentencing.

Having determined that the lower court imposed an illegal sentence when it failed to sentence appellee to a minimum of ninety (90) days of imprisonment for his violation of 75 Pa. C.S.A. § 1543(b), we must decide whether to remand for resentencing or permit the illegal sentence to stand. I believe that guidance for resolving this question is found in our Supreme Court's decision of *Commonwealth v. Kriston,* 527 Pa. 90, 588 A.2d 898 (1991). Therein, Kriston was transferred by the prison warden into an electronic home confinement program to serve the time remaining on his mandatory sentence of "imprisonment" for his second driving under the influence conviction. When Kriston sought parole after expiration of his mandatory minimum sentence of thirty (30) days, the lower court denied his request on the grounds that only ten of those days were actually served in prison. Although the Supreme Court concluded that electronic home confinement does not qualify as "imprisonment", our high court nevertheless granted Kriston credit for the time he spent in home confinement because *"denying [Kriston] credit for time served in home monitoring would constitute a manifest injustice." Kriston,* 527 Pa. 96, 588 A.2d at 901 (Emphasis added); *see also, Jacobs v. Robinson,* 49 Pa.Cmwlth. 194, 410 A.2d 959 (1980) (convict released on clerical error given credit towards minimum sentence for time spend while released); *cf., Commonwealth v. Conahan,* 527 Pa. 199, 589 A.2d 1107 (1991) (defendant given credit towards sentence of "imprisonment" for time spent in a voluntary inpatient rehabilitation program).

Instantly, appellee was specifically sentenced by the lower court to home confinement, rather than prison, for violating 75 Pa.C.S.A. § 1543(b). Both parties agree that appellee has served his ninety (90) days of home confinement. Thus, I submit that appellee's situation is analogous to that in *Kriston, supra,* and denying appellee credit for time he has already served in home confinement towards his mandatory minimum sentence of "imprisonment" would, as in *Kriston, supra,* constitute manifest injustice. The majority would distinguish *Kriston, supra,* and *Jacobs, supra,* 49 Pa.Cmwlth. 194, 410 A.2d 959, on the grounds that appellant was not released from prison because of clerical errors and/or did not serve his time in home confinement based on the assurances of a prison official. However, I would suggest appellant has an even stronger case than that presented in *Kriston, supra,* and *Jacobs, supra,* since appellant was serving his sentence of home confinement based on the assurance of the Court of Common Pleas of Luzerne County that it was a legal sentence. Accordingly, I would find that appellee has served his sentence for violating 75 Pa.C.S.A. § 1543(b), albeit an illegal sentence, and I would not remand for resentencing.[1]

---

1. I would distinguish the present case from *Commonwealth v. Smith,* 528 Pa. 380, 598 A.2d 268 (1991), wherein, the Commonwealth claimed that the sentence was illegal due to the trial court's refusal to apply the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9714. In *Smith, supra,* the mandatory sentencing provision in question specifically provided that the Commonwealth could appeal a sentencing court's refusal to apply the mandatory sentencing provision. 42 Pa.C.S.A. § 9714(e). Thus, in *Smith, supra,* there was not a violation of the Double Jeopardy Clause of the United States Constitution or the Pennsylvania Constitution, since a more severe sentence may be imposed on remand where a statute specifically authorizes an increased sentence following an appeal. *Smith,* 598 A.2d at 275, *citing, United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). However, instantly, the statute in question, 75 Pa.C.S.A. § 1543(b), does not specifically provide for an appeal by the Commonwealth when the court refuses to impose the mandatory sentence and a subsequent increase sentence after a successful appeal.