**COMMONWEALTH OF PENNSYLVANIA,**
Appellant,

v.

**Jose A. SANCHEZ–RODRIGUEZ,**
Appellee.

**Commonwealth of Pennsylvania,**
Appellant,

v.

**David Colon, Appellee,**

**commonwealth of Pennsylvania,**
Appellant.

v.

**Kellis Thomas, Appellee**

Superior Court of Pennsylvania.

Submitted Oct. 7, 2002.
Filed Jan. 3, 2003.

Scott A. McCabe, Assistant District Attorney, York, for Com.

Stanley Silver, York, for Sanchez–Rodriguez.

Matthew R. Gover, Harrisburg, for Thomas, appellee.

Floyd P. Jones, York, for Colon, appellee.

Before: MUSMANNO, GRACI, and MONTEMURO *, JJ.

GRACI, J.:

¶ 1 In these consolidated appeals, the Commonwealth appeals from the judgments of sentence entered in the Court of Common Pleas of York County on February 27, 2002 against appellees, Jose A. Sanchez–Rodriguez (500 MDA 2002),[1] Kel-

---

\* Retired Justice assigned to the Superior Court.

1. Sanchez–Rodriguez was originally sentenced to five to ten years imprisonment. The trial court reconsidered its sentence, *sua sponte*, on March 6, 2002 and re-sentenced Sanchez–Rodriguez to three to six years. Because the sentencing court did so based upon the issue presented herein, the Commonwealth's appeal in Sanchez–Rodriguez's case is technically from the March 6 order.

lis Thomas (570 MDA 2002),[2] and David Colon (598 MDA 2002).[3] We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 Sanchez–Rodriguez was convicted of delivery of, and possession with intent to deliver, heroin, 35 P.S. § 780–113(a)(30), and criminal conspiracy, 18 Pa.C.S.A. § 903. For his participation in the same incident, Colon was also convicted of possession with intent to deliver heroin and criminal conspiracy. Thomas was charged with delivery of cocaine, 35 P.S. § 780–113(a)(30), in a separate case arising from an unrelated incident. In each case, the Commonwealth requested application of 18 Pa.C.S.A. § 7508(a), which prescribes mandatory minimum sentences for drug trafficking offenses based upon the type and quantity of the drug involved in the offense. Under Section 7508, Sanchez–Rodriguez, as a recidivist, was subject to a mandatory minimum sentence of three years, Colon to two years, and Thomas to three years. 18 Pa.C.S.A. §§ 7508(a)(3)(i) (cocaine) and (a)(7)(i) (heroin).

¶ 3 Appellees were also subject to 18 Pa.C.S.A. § 6317, which imposes a mandatory minimum sentence of two years for drug offenses committed in proximity to a "drug-free school zone."[4] In each case, the Commonwealth requested the sentencing court to impose this two-year minimum sentence in addition to the mandatory minimum sentences to which the appellees were subject under Section 7508. The sentencing court declined to do so and sentenced Sanchez–Rodriguez to concurrent terms of imprisonment of three to six years for delivery of heroin, one to two years for possession with intent to deliver heroin, and one to two years for criminal conspiracy. Colon received a sentence of two to four years imprisonment: two to four years for possession with intent to deliver heroin, to be served concurrently with a two to four year sentence for criminal conspiracy.[5] The sentencing court sentenced Thomas to a term of imprisonment of three to six years for the offense of delivery of cocaine.

¶ 4 The Commonwealth frames the issue on appeal as follows:

> Did the trial court impose an illegal sentence [in each case] by refusing to impose the two-year mandatory-minimum sentence mandated by the Drug–Free School Zones statute in addition to the mandatory-minimum sentence man-

2. Thomas docketed an appeal to this Court at 897 MDA 2002 which, according to our records, was discontinued on July 12, 2002.

3. Colon's *pro se* appeal, docketed at 573 MDA 2002, was dismissed on June 18, 2002 after he failed to file a Concise Statement of Matters Complained of on Appeal as directed by the trial court.

4. This section also provides for a maximum term of imprisonment of four years for any offense "subject to this section [ ] and [ ] for which The Controlled Substance, Drug, Device and Cosmetic Act provides for a maximum term of imprisonment of less than four years." 18 Pa.C.S.A. § 6317(a)(1) and (2).

Here, as each of the underlying offenses carry maximum sentences well in excess of four years, *see* 35 P.S. § 780–113(f)(1) and (1.1), this provision is not before us.

5. On the same day, Colon was sentenced at No. 4538 C.A.2001 for identical crimes and to identical terms, said sentence to be served consecutively to the above-referenced two-to-four year sentence imposed at No. 4539 C.A. 2001. N.T. Sentence, 2/27/02, at 10. Because of the quantity of heroin involved in that episode the mandatory minimum required by section 7508 was inapplicable. Section 6317 was applicable and the court complied with its dictates. This conviction is not before us in these appeals.

dated by the Drug Trafficking Sentencing and Penalties Statute?

Consolidated Brief For Appellant, at 6.

## II. DISCUSSION

¶ 5 The Commonwealth may appeal as of right the legality of a sentence. 42 Pa.C.S.A. § 9781(a). "[S]entencing is a matter vested in the sound discretion of the trial court, and we will not disturb a sentence absent an abuse of discretion.... [W]hen minimum sentences are mandated by statute, the court's discretion is restricted to compliance." *Commonwealth v. Yale*, 441 Pa.Super. 404, 657 A.2d 987, 988 (1995) (citations omitted).

¶ 6 "[W]hen determining the meaning of a statute, a court must begin with the plain meaning of the language used in that statute." *Commonwealth v. Barnhart*, 722 A.2d 1093, 1095 (Pa.Super.1998), *appeal denied*, 559 Pa. 672, 739 A.2d 539 (Pa.1999) (citation omitted). "A court cannot disregard clear and unambiguous statutory language under the pretext of pursuing the spirit of the statute." *Id.* (citation omitted). "It is only when a statute is unclear that the court may embark upon the task of ascertaining the intent of the legislature." *Id.* "Absent a definition in a statute, statutes are presumed to employ words in their popular and plain everyday sense, and popular meanings of such words must prevail." *Id.* at 1096 (citation omitted).

¶ 7 The drug-free school zones statute provides, in relevant part, as follows:

(a) General rule.—A person 18 years of age or older who is convicted in any court of this Commonwealth of a violation of section 13(a)(14) or (30) of ... The Controlled Substance, Drug, Device and Cosmetic Act, shall, if the delivery or possession with intent to deliver of the controlled substance occurred within 1,000 feet of the real property on which is located a public, private or parochial school or a college or university or within 250 feet of the real property on which is located a recreation center or playground or on a school bus, be sentenced to a minimum sentence of at least two years of total confinement, notwithstanding any other provision of this title. The Controlled Substance, Drug, Device and Cosmetic Act or other statute to the contrary.

. . . . .

(b) Proof at sentencing.—The provisions of this section shall not be an element of the crime.... The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable.

(c) Authority of court in sentencing.—There shall be no authority for a court to impose on a defendant to which this section is applicable a lesser sentence than provided for in subsection (a) ... Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section.

(d) Appeal by Commonwealth.—If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in

accordance with this section if it finds that the sentence was imposed in violation of this section.

18 Pa.C.S.A. § 6317.

¶ 8 In each case, the sentencing court indicated on the record that it was imposing the minimum sentence mandated by Section 7508. The sentencing court also expressly considered the two-year mandatory minimum sentence provision of the drug-free school zones statute, but specifically disagreed with the Commonwealth's argument that it must be applied in addition to other statutorily mandated minimum sentences, such as those found in Section 7508. Rather, the sentencing court, based upon its reading of the language of the drug-free school zones statute, determined that it was designed to ensure that persons convicted of committing drug-related offenses in close proximity to "drug-free school zones" be required to serve a period of incarceration of no less than two years. We agree.

¶ 9 The drug-free school zone statute provides that offenders "be sentenced to a minimum sentence of at least two years of total confinement, *notwithstanding* any other provision of [Title 18], The Controlled Substance, Drug, Device and Cosmetic Act or other statute to the contrary." 18 Pa.C.S.A. § 6317(a) (emphasis added). We disagree with the Commonwealth's assertion that the term "notwithstanding" be interpreted as "in addition to." Consolidated Brief for Appellant, at 13. Although "notwithstanding" is not specifically defined in the Crimes Code, this Court has previously referred to Webster's Dictionary to determine the popular meaning of undefined words in a statute. *See Department of Labor and Industry, Bureau of*

*Employment Security v. Unemployment Compensation Board of Review,* 203 Pa.Super. 183, 199 A.2d 474, 477–478 (1964). Webster's defines "notwithstanding" as "in spite of." *Webster's II New College Dictionary* 749 (2001). *See also Black's Law Dictionary* 1091 (7th Ed.1999) (defining "notwithstanding" as "despite; in spite of"). We find that the plain meaning of the term "notwithstanding" is not ambiguous or unclear so as to necessitate a review of legislative history in order to ascertain the intent of the legislature. The language of subsection (a) indicates that, in spite of any other applicable sentencing provisions, offenders must be incarcerated for at least two years.

¶ 10 Read in this way, subsection (a) is consistent with the other provisions of the drug-free school zones statute, namely that *"[t]here shall be no authority for a court to impose on a defendant to which this section is applicable a lesser sentence* than provided for in subsection (a) ..." and *"[n]othing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section."* 18 Pa.C.S.A. § 6317(c) (emphasis added). Having considered the language of subsections (a) and (c) of the drug-free school zones statute, we find that the statute clearly and unambiguously requires a sentencing court to impose on a defendant to which the statute is applicable a sentence of incarceration of not less than two years. *See In Interest of Jones,* 286 Pa.Super. 574, 429 A.2d 671 (1981) (in construing a statute, sections of the statute must be construed with reference to entire statute and not alone).[6]

---

**6.** We note that the Commonwealth's reliance on the word "notwithstanding" is misplaced for another reason. Section 7508 contains virtually identical language. 18 Pa.C.S.A. § 7508(a) ("Notwithstanding any other provisions of this or any other act to the contrary...."). This supports our conclusion that, when faced with two or more mandatory

¶ 11 In construing a statute, we are not at liberty to rewrite it. *Commonwealth v. Burke,* 801 A.2d 1257, 1260 (Pa.Super.2002), *citing Halko v. Bd. of Directors of School Dist. of Foster Tp.,* 374 Pa. 269, 97 A.2d 793 (1953). If the General Assembly wished to have the drug-free school zones mandatory minimum sentence apply in addition to any other applicable mandatory minimum, it could have chosen appropriate language to do so. *See, e.g.,* 18 Pa.C.S.A. § 6103 ("[i]f any person commits ... a crime enumerated in section 6105 ... when armed with a firearm contrary to the provisions of [the Pennsylvania Uniform Firearms Act of 1995], that person may, *in addition to the punishment provided for the crime,* also be punished as provided by [the Pennsylvania Uniform Firearms Act of 1995].") (emphasis added). Here, the legislature simply did not do so.[7]

¶ 12 With respect to the cases on appeal, each appellee was already subject to a minimum term of incarceration greater than or equal to the two-year minimum sentence imposed by the drug-free school zones statute. "Where two or more sections requiring mandatory minimum sentences are applicable, the court shall be bound by that section requiring the greater penalty." 42 Pa.C.S.A. § 9716. In the cases of Sanchez–Rodriguez and Thomas, the sentencing court complied by imposing a minimum sentence of three years, as mandated by Section 7508.[8] In the case of Colon, where the two statutory provisions each mandated a minimum sentence of two years, the sentencing court again chose to apply Section 7508 and noted its consideration of the drug-free school zones statute.[9]

### III. CONCLUSION

¶ 13 In conclusion, the sentencing court properly determined that the mandatory minimum sentence under the drug-free school zones statute, 18 Pa.C.S.A. § 6317, was not required to be imposed in addition to the other applicable mandatory sentencing provisions. Finding no abuse of discretion or error of law by the sentencing court, we affirm the judgment of sentence in each case.

¶ 14 Judgments of sentence affirmed.

---

minimum sentences, section 9716 of the Sentencing Code controls. 42 Pa.C.S.A. § 9716.

7. Also supporting this conclusion is the provision of section 6317 which increases the maximum allowable penalty for drug offenses committed within a drug-free school zone when an otherwise applicable maximum sentence is less than four years. 18 Pa.C.S.A. § 6317(a)(1) and (2). This provision demonstrates that when the legislature intended to increase a sentence, it knew what language to employ to achieve that result.

8. Pursuant to section 13(f) of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113(a)(1.1), Thomas faced a maximum sentence of ten years for his cocaine-related convictions. Since he was being sentenced for a second or subsequent drug-trafficking offense under section 13(a)(30). Sanchez–Rodriguez faced a maximum sentence of thirty years for his heroin-related convictions. 35 P.S. §§ 780–113(f)(1) and 780–115(a).

9. Pursuant to section 13(f) of the Controlled Substance, Drug, Device and Cosmetic Act, Colon faced a maximum sentence of fifteen years for his heroin-related convictions. 35 P.S. § 780–113(f)(1).