J-S09028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DUSTIN LEE MORRIS :
:
Appellant : No. 2054 EDA 2019

Appeal from the Judgment of Sentence Entered May 29, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-SA-0000342-2017

BEFORE: SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED APRIL 24, 2020**

Dustin Lee Morris appeals from the judgment of sentence, entered in the Court of Common Pleas of Northampton County, following a bench trial after which he was found guilty of driving while operating privilege is suspended or revoked-DUI related.[1] After careful review, we quash.

On June 11, 2017, Officer Jared Gunshore of the Lower Saucon Township Police Department was acting as security for a hill-climb event and was running license plates to check for warrants and other violations. N.T. Trial, 5/29/19, at 3-4. After Officer Gunshore ran the license plate of Morris's vehicle, he discovered that Morris's license was suspended because of a DUI conviction. After Morris identified himself and acknowledged that his license

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 1543(b)(1).

was suspended, Officer Gunshore cited him for driving while operating privilege is suspended or revoked. *Id.* at 13.

On October 30, 2017, a Magisterial District Judge found Morris guilty and sentenced him to pay a $500.00 fine plus costs. Morris filed a timely summary appeal on November 21, 2017. The court scheduled a de novo trial for March 21, 2018, but the matter was continued to May 30, 2018. On May 29, 2018, one day prior to the scheduled trial, Morris withdrew his summary appeal pursuant to Pennsylvania Rule of Criminal Procedure 462(E),[2] and he requested imposition of the district judge's sentence.

The Honorable Kimberly F.P. McFadden considered Morris' request and ordered the parties to brief the issue of whether the lower court's sentence could be imposed if it did not include the mandatory prison term of not less than 60 days nor more than 90 days pursuant to 75 Pa.C.S.A. § 1543(b)(1). On August 13, 2018, Judge McFadden ordered Morris' appeal withdrawn and remanded the case for resentencing for correction of the illegal sentence, as it did not include the mandatory minimum. Order, 8/13/18.[3]

---

[2] "If the defendant withdraws the appeal, the trial judge shall enter judgment in the court of common pleas on the judgment of the issuing authority." Pa.R.Crim.P. 462(E).

[3] That order provides:

> AND NOW, this 13rd day of August, 2018, upon consideration of briefs from Defendant and the Commonwealth, it is hereby ORDERED and DECREED that Defendant's Summary Appeal is WITHDRAWN and this matter is REMANDED to Magisterial District

On August 20, 2018, a magisterial district judge resentenced Morris in *absentia* to sixty days of incarceration and a $500.00 fine plus costs. Because he was not notified of his sentence until November 19, 2018,[4] Morris filed a summary appeal *nunc pro tunc*. The court held a second de novo trial on May 29, 2019, after which the court found Morris guilty of violating Section 1543(b)(1) of the Vehicle Code and sentenced him to sixty days of incarceration, with a deferred report date of July 1, 2019, and a $500.00 fine plus costs.[5]

Morris did not file a timely appeal to this Court. Instead, on July 2, 2019, Morris filed a motion in the trial court for leave to appeal *nunc pro tunc,* which the trial court granted on July 11, 2019. Morris then filed a notice of

_____

Court #03·2·04 for correction of the illegal sentence originally imposed, which failed to include the mandatory sentence required by 75 Pa.C.S.A 1543(b). **See Commonwealth v. Harrison**, 661 A.2d 6 (Pa. Super. 1995).

Trial Court Order, 8/13/18.

[4] The trial court notes that Morris presented no support for his claim that this second sentence was a nullity because he had no notice. **See** Trial Court Opinion, 9/11/19, at 3, n.4.

[5] Section 1543(b) of the Vehicle Code provides that the defendant "*shall* be sentenced to pay a fine of $500 and to undergo imprisonment *of not less than 60 days nor more than 90 days*." 75 Pa.C.S.A. § 1543(b)(1) (emphasis added). As section 1543(b) requires courts to sentence a defendant to at least 60 days in jail, the trial court had no discretion to impose a lesser sentence pursuant to Rule 462(e). **See** 42 Pa.C.S.A. § 9721(a.1)(1); **see also Commonwealth v. Kenney**, 210 A.3d 1077, 1082-83 (Pa. Super. 2019) (finding that sentence that fails to include mandatory term of imprisonment is illegal).

appeal and a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Morris presents the following issues for our review:

(1) Did the trial court err in proceeding to remand the matter to the Magisterial District Judge for imposition of a sentence of imprisonment after [Morris] filed a [p]raecipe to withdraw [s]ummary [a]ppeal pursuant to Rule 462(E) of the Pennsylvania Rules of Criminal Procedure?

(2) Did the trial court err in imposing sentence without jurisdiction after failing to enter judgment in the Court of Common Pleas on the judgment of the issuing authority where [Morris] had withdrawn his [s]ummary [a]ppeal pursuant to Rule 462(E) of the Pennsylvania Rules of Criminal Procedure?

Appellant's Brief, at 2.

Before we address the merits of the case, we consider, *sua sponte* whether this Court has jurisdiction. ***Barak v. Karolizki***, 196 A.3d 208, 215 (Pa. Super. 2018). Since jurisdiction is a question of law, our standard of review is de novo and our scope of review plenary. ***Id.*** (citing ***Commonwealth v. Seiders***, 11 A.3d 495, 496-97 (Pa. Super. 2010)).

Pennsylvania Rule of Criminal Procedure Rule 720(D) states:

There shall be no post-sentence motion in summary case appeals following a trial de novo in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial de novo shall constitute a final order for purposes of appeal.

Pa.R.Crim.P. 720(D).

After judgment of sentence has been entered, the defendant has thirty days to file an appeal. **See** Pa.R.A.P. 903(a); **see also** Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence[.]"). If no appeal is taken within thirty days, the trial court loses jurisdiction. **See Commonwealth v. Robinson**, 837 A.2d 1157, 1162 (Pa. 2003) ("Far from continuing into perpetuity, the trial court's jurisdiction over a matter generally ends once an appeal is taken from a final order or, if no appeal is taken, thirty days elapse after the final order."). **See also** 42 Pa.C.S.A. § 5505 ("Modification of orders: Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."); **accord Commonwealth v. Holmes**, 933 A.2d 57, 65 (Pa. 2007) (stating, "Section 5505 . . . recognizes the removal of jurisdiction upon appeal . . . and the removal of jurisdiction upon the end of the term of court or the statutory thirty-day expansion of that time [. ]").

In **Commonwealth v. Capaldi**, 112 A.3d 1242 (Pa. Super. 2015), we explained that if no post-sentence motion or motion by the Commonwealth to modify sentence is filed, a defendant must file an appeal within 30 days of the imposition of sentence in open court. **Id.** at 1244. **See** Pa.R.Crim.P. 720(A)(3); **see also** Pa.R.A.P. 903(c)(3) ("In a criminal case in which no post-

- 5 -

sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court.").

Here, the court sentenced Morris on May 29, 2019. No post-sentence was permitted to be filed. *See* Pa.R.Crim.P. 720(D) ("[t]here shall be no post-sentence motion in summary case appeals following a trial de novo in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial de novo shall constitute a final order for purposes of appeal"). Therefore, Morris had thirty days, until June 28, 2019, to appeal his judgment of sentence. Instead of doing so, Morris filed a motion for leave to appeal *nunc pro tunc* on July 2, 2019, which the trial court granted on July 11, 2019, after it lost jurisdiction. Morris failed to file an appeal within 30 days of entry of his judgment of sentence. We, therefore, quash this appeal for want of jurisdiction. Pa.R.A.P. 903(c)(3).

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/20