J-S50020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
DUSTIN LEE MORRIS   :
  :
  Appellant   :   No. 1424 EDA 2020

Appeal from the Judgment of Sentence Entered May 29, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-SA-0000342-2017

BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:            Filed: April 30, 2021

Appellant, Dustin Lee Morris, appeals from the judgment of sentence entered in the Court of Common Pleas of Northampton County.  We vacate and remand.

In a prior appeal, a panel of this Court summarized the history of this case as follows:

> On June 11, 2017, Officer Jared Gunshore of the Lower Saucon Township Police Department was acting as security for a hill-climb event and was running license plates to check for warrants and other violations.  N.T. Trial, 5/29/19, at 3-4.  After Officer Gunshore ran the license plate of Morris's vehicle, he discovered that [Appellant's] license was suspended because of a DUI conviction.   After [Appellant] identified himself and acknowledged that his license was suspended, Officer Gunshore

---

[*] Retired Senior Judge assigned to the Superior Court.

cited him for driving while operating privilege is suspended or revoked.[1] *Id*. at 13.

On October 30, 2017, a Magisterial District Judge found [Appellant] guilty and sentenced him to pay a $500.00 fine plus costs. [Appellant] filed a timely summary appeal on November 21, 2017. The court scheduled a de novo trial for March 21, 2018, but the matter was continued to May 30, 2018. On May 29, 2018, one day prior to the scheduled trial, [Appellant] withdrew his summary appeal pursuant to Pennsylvania Rule of Criminal Procedure 462(E),[2] and he requested imposition of the district judge's sentence.

> [2] "If the defendant withdraws the appeal, the trial judge shall enter judgment in the court of common pleas on the judgment of the issuing authority." Pa.R.Crim.P. 462(E).

The Honorable Kimberly F.P. McFadden considered [Appellant's] request and ordered the parties to brief the issue of whether the lower court's sentence could be imposed if it did not include the mandatory prison term of not less than 60 days nor more than 90 days pursuant to 75 Pa.C.S.A. § 1543(b)(1). On August 13, 2018, Judge McFadden ordered [Appellant's] appeal withdrawn and remanded the case for resentencing for correction of the illegal sentence, as it did not include the mandatory minimum. Order, 8/13/18.[3]

> [3] That order provides:
>
> > AND NOW, this 13[th] day of August, 2018, upon consideration of briefs from Defendant and the Commonwealth, it is hereby ORDERED and DECREED that [Appellant's] Summary Appeal is WITHDRAWN and this matter is REMANDED to Magisterial District Court #03·2·04 for correction of the illegal sentence originally imposed, which failed to include the mandatory sentence required by 75 Pa.C.S.A 1543(b). ***See***

---

[1] 75 Pa.C.S. § 1543(b)(1).

> *Commonwealth v. Harrison*, 661 A.2d
> 6 (Pa. Super. 1995).

Trial Court Order, 8/13/18.

On August 20, 2018, a magisterial district judge resentenced [Appellant] in *absentia* to sixty days of incarceration and a $500.00 fine plus costs. Because he was not notified of his sentence until November 19, 2018,[4] [Appellant] filed a summary appeal *nunc pro tunc*. The court held a second de novo trial on May 29, 2019, after which the court found [Appellant] guilty of violating Section 1543(b)(1) of the Vehicle Code and sentenced him to sixty days of incarceration, with a deferred report date of July 1, 2019, and a $500.00 fine plus costs.[5]

> [4] The trial court notes that [Appellant] presented no support for his claim that this second sentence was a nullity because he had no notice. **See** Trial Court Opinion, 9/11/19, at 3, n.4.

> [5] Section 1543(b) of the Vehicle Code provides that the defendant "shall be sentenced to pay a fine of $500 and to undergo imprisonment of not less than 60 days nor more than 90 days." 75 Pa.C.S.A. § 1543(b)(1) (emphasis added). As section 1543(b) requires courts to sentence a defendant to at least 60 days in jail, the trial court had no discretion to impose a lesser sentence pursuant to Rule 462(e). **See** 42 Pa.C.S.A. § 9721(a.1)(1); **see also Commonwealth v. Kenney**, 210 A.3d 1077, 1082-83 (Pa. Super. 2019) (finding that sentence that fails to include mandatory term of imprisonment is illegal).

[Appellant] did not file a timely appeal to this Court. Instead, on July 2, 2019, Morris filed a motion in the trial court for leave to appeal *nunc pro tunc*, which the trial court granted on July 11, 2019.

*Commonwealth v. Morris*, 236 A.3d 1122, 2054 EDA 2019 (Pa. Super., filed April 24, 2020) (non-precedential memorandum at 1-3). Thereafter, this Court quashed the appeal due to lack of jurisdiction.

On May 18, 2020, Appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. The PCRA court held a hearing on July 17, 2020. On July 21, 2020, the PCRA court granted relief and reinstated Appellant's right to file a direct appeal. Appellant filed this appeal on July 24, 2020. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

A. DID THE TRIAL COURT ERR IN PROCEEDING TO REMAND THE MATTER TO THE MAGISTERIAL DISTRICT JUDGE FOR IMPOSITION OF A SENTENCE OF IMPRISONMENT AFTER DEFENDANT/APPELLANT FILED A PRAECIPE TO WITHDRAW SUMMARY APPEAL PURSUANT TO RULE 462(E) OF THE PENNSYLVANIA RULES OF CRIMINAL PROCEDURE?

B. DID THE TRIAL COURT ERR IN IMPOSING SENTENCE WITHOUT JURISDICTION AFTER FAILING TO ENTER JUDGMENT IN THE COURT OF COMMON PLEAS ON THE JUDGMENT OF THE ISSUING AUTHORITY WHERE DEFENDANT/APPELLANT HAD WITHDRAWN HIS SUMMARY APPEAL PURSUANT TO RULE 462(E) OF THE PENNSYLVANIA RULES OF CRIMINAL PROCEDURE?

Appellant's Brief at 4 (capitalization in original).

Appellant's issues challenge whether the trial court lacked jurisdiction to address Appellant's case once he withdrew his summary appeal prior to the start of his *de novo* proceedings. Appellant contends that pursuant to Pa.R.Crim.P. 462(E), the trial court was precluded from taking any action other than imposing the sentence that had been originally imposed by the magisterial district judge. We are constrained to agree.

Our standard of review from a summary appeal is limited to whether an error of law has been committed and whether the factual findings are supported by competent evidence. **Commonwealth v. Marizzaldi**, 814 A.2d 249, 251 (Pa. Super. 2002). The trial court's adjudication will not be disturbed on appeal absent a manifest abuse of discretion. **Id**.

As previously indicated, Pa.R.Crim.P. 462(E) provides that "[i]f the defendant withdraws the appeal, the trial judge **shall** enter judgment in the court of common pleas on the judgment of the issuing authority." Pa.R.Crim.P. 462(E) (emphasis added). While this rule does not specify that defendants must be allowed to withdraw their summary appeals, it suggests as much by its language. Moreover, the rule does not require a defendant to obtain the Commonwealth's consent or leave of court before withdrawing a summary appeal. Rather, under the Rule, it is a defendant's prerogative whether to withdraw a summary appeal. Hence, pursuant to Rule 426(E), once a defendant withdraws an appeal, the trial judge has no discretion in the matter and "shall" enter judgment on the district judge's original sentence. Hence, we find the trial judge had no discretion under Rule 462(E) to preclude Appellant from discontinuing his appeal and to remand the matter to the magisterial district judge for imposition of a new sentence.

Indeed, nothing in Pa.R.Crim.P. 462 or in the other rules governing summary appeals requires a defendant to obtain leave of court or the consent of the other party before withdrawing an appeal. Moreover, in not imposing

limitations on the withdrawals of appeals from summary dispositions, it is clear that the Rules of Criminal Procedure did not intend any such restrictions. Allowing defendants in summary proceedings to withdraw unilaterally their appeals prior to the start of the *de novo* trial is consistent with the liberal right accorded appellants under our rules of appellate procedure to discontinue their appeals. **See** Pa.R.A.P. 1973(a) ("An appellant may discontinue an appeal or other matter as to all appellees as a matter of course until 14 days after the date on which the appellee's principal brief is due, or thereafter by leave of court upon application."). This is in keeping with our policy of discouraging unnecessary appeals.

Here, the motion to withdraw the summary appeal was made before the start of the trial *de novo*. In that situation, and pursuant to Rule 462(E), we conclude that an appellant may unilaterally discontinue his appeal. In this case, the trial judge failed to follow Rule 462(E) and allow Appellant to withdraw his appeal and to enter judgment on the judgment of the issuing authority. Accordingly, we vacate Appellant's judgment of sentence and remand for the entry of judgment on the judgment of the magisterial district justice.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judge Strassburger did not participate in the consideration or decision of this case.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/30/21*