554 A.2d 50

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**David L. JONES, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 28, 1988.

Decided Feb. 15, 1989.

James Edward Mugford, Sr., Leonard N. Sosnov, John W. Packel, Philadelphia, for amicus—Defender Assoc. of Philadelphia.

Gaele McLaughlin Barthold, Deputy Dist. Atty., Ronald Eisenberg, Chief, Appeals Div., George S. Leone, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issue of concern presented by this appeal is whether a sentencing court may correct an illegal sentence by increasing the maximum period of incarceration after service of that sentence has begun.

On September 30, 1984, appellant, David L. Jones, lured his victim, by means of a ruse, into a vacant house. Appellant then choked and robbed the victim, threatened to kill her with a hatchet, tied her and gagged her, injected amphetamines into her hands, and forced her to submit to oral and vaginal intercourse. Appellant was arrested and charged with rape,[1] involuntary deviate sexual intercourse,[2] robbery,[3] aggravated assault,[4] theft by unlawful taking,[5] theft by receiving stolen property,[6] terroristic threats,[7] reck-

1. 18 Pa.C.S.A. § 3121.
2. 18 Pa.C.S.A. § 3123.
3. 18 Pa.C.S.A. § 3701.
4. 18 Pa.C.S.A. § 2702.
5. 18 Pa.C.S.A. § 3921.
6. 18 Pa.C.S.A. § 3925.
7. 18 Pa.C.S.A. § 2706.

lessly endangering another person,[8] unlawful restraint,[9] indecent assault,[10] indecent exposure,[11] simple assault,[12] and possessing instruments of crime.[13]

On May 28, 1985, in the Court of Common Pleas of Philadelphia County, appellant, following an extensive colloquy, entered a negotiated plea of guilty to the charges of aggravated assault, possessing instruments of crime, involuntary deviate sexual intercourse, robbery, and rape. The remaining charges were nolle prossed. The Commonwealth, as part of the plea agreement, recommended that appellant receive concurrent terms of imprisonment within the minimum range of the sentencing guidelines and a consecutive period of probation to be determined by the sentencing court.[14] After adding the deadly weapon enhancement of twelve months to the appropriate minimum ranges set forth in the sentencing guidelines, the sentencing court imposed concurrent sentences of forty-eight to sixty-four months on the rape, involuntary deviate sexual intercourse, and aggravated assault charges; a concurrent sentence of twenty-four to forty-eight months on the possessing instruments of crime charge; and a consecutive three year term of probation on the robbery charge.

Immediately after appellant was sentenced and was on his way to Holmesburg to begin serving his sentence, the sentencing judge realized that the sentences of forty-eight to sixty-four months were illegal in that the minimum sentence imposed was not one-half of the maximum as required by the Sentencing Code. 42 Pa.C.S.A. § 9756(b).[15]

8.  18 Pa.C.S.A. § 2705.

9.  18 Pa.C.S.A. § 2902.

10.  18 Pa.C.S.A. § 3126.

11.  18 Pa.C.S.A. § 3127.

12.  18 Pa.C.S.A. § 2701.

13.  18 Pa.C.S.A. § 907.

14.  The maximum penalties authorized by statute for the offenses to which appellant entered a plea of guilty are 37½ to 75 years imprisonment and $110,000 in fines. 18 Pa.C.S.A. §§ 1101, 1103, 1104.

15.  Section 9756(b) of the Sentencing Code provides as follows:

The sentencing court, out of the presence of appellant, entered sentences of forty-eight to *ninety-six* months on the criminal informations for rape, involuntary deviate sexual intercourse, and aggravated assault.

The next day, the sentencing court called appellant back into the courtroom and informed him that the sentences orally imposed the previous day had been corrected by the court and that appellant was to serve forty-eight to ninety-six months on the rape, involuntary deviate sexual intercourse, and aggravated assault charges. The other sentences remained the same.

Appellant appealed, and Superior Court, by memorandum opinion, 368 Pa.Super. 639, 531 A.2d 32 [Table] (1987), affirmed the judgment of sentence, determining that its opinion in *Commonwealth v. Gonzales*, 350 Pa.Super. 373, 504 A.2d 886 (1986) effectively overruled this Court's decision in *Commonwealth v. Brown*, 455 Pa. 274, 314 A.2d 506 (1974), in which this Court held that a sentence may not be increased after service of that sentence has begun without violating the double jeopardy clauses of the United States and Pennsylvania constitutions. U.S. Const. amend. V; Pa. Const. art. I, § 10. Although we agree that *Brown* is no longer controlling, we take this opportunity to remind our Superior Court colleagues that Superior Court does not have the authority to determine that decisions of *this* Court are "no longer controlling in light of [a Superior Court] decision." Memorandum opinion at 5 (June 1, 1987).

■ Appellant claims that the original illegal sentence that was imposed by the sentencing court was not properly modified by the action of the sentencing court sua sponte increasing the maximum period of incarceration from sixty-four to ninety-six months.[16] Although appellant does not

> The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.

16. Appellant claims that the minimum period of incarceration should have been *decreased* to thirty-two months to correct the illegal sentence of forty-eight to sixty-four months that was originally imposed. If we subtract the deadly weapon enhancement of twelve months

expressly make a double jeopardy claim or cite applicable case law, it is clear that his objection is based on the double jeopardy clause, and, indeed, this argument is made by amicus, the Public Defender Association of Pennsylvania, in the case. In *Brown, supra,* this Court cited *Ex parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), to support the statement that "a court is without power to increase an *existing* sentence, once the defendant has begun to serve that sentence." 455 Pa. at 277, 314 A.2d at 508 (emphasis in original). The U.S. Supreme Court expressly rejected this interpretation of *Lange* in *U.S. v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), noting that *Lange* has been misread and that there is no constitutional basis to the federal court practice of barring an increase in sentence after service of the sentence has begun. *Id.* at 138–39, 101 S.Ct. at 438, 66 L.Ed.2d at 346–47. In *Commonwealth v. Sojourner,* 513 Pa. 36, 518 A.2d 1145 (1986), this Court stated that the double jeopardy guarantee set forth in the Pennsylvania Constitution is coextensive with federal constitutional standards. Thus, there can be no constitutional bar in this jurisdiction to an increase in sentence after service of the sentence has begun.

▪ Amicus attempts to distinguish *DiFrancesco* from the case at bar by stating that *DiFrancesco* involved a "judicial appellate increase in sentence pursuant to a government sentencing appeal authorized by a valid statute", whereas in the instant action, the sentencing court sua sponte corrected the illegal sentence it had originally imposed. Brief for Amicus Curiae at 11 n. 9. This is a distinction without substance, as both the defendant and the Commonwealth have the right to appeal the legality of a sentence, 42 Pa.C.S.A. § 9781(a), and the illegal sentence

from appellant's proposed minimum sentence, the resulting term of imprisonment would be seven months *less* than the lowest minimum sentence set forth in the sentencing guidelines for appellant's offenses. A sentence *outside* the range of the sentencing guidelines was *not* negotiated by appellant and the Commonwealth.

imposed in this case would certainly have been corrected on appeal. Moreover, it has long been the opinion of a dissenting segment of this Court that an illegal sentence is a legal nullity, and sentencing courts must have the authority to correct such a sentence even if that means increasing the sentence. *See Brown, supra* (Nix, J., concurring and dissenting); *Commonwealth v. Tome,* 484 Pa. 261, 398 A.2d 1369 (1979) (Nix, J. and Larsen, J., dissenting). Accordingly, we overrule *Commonwealth v. Brown, supra,* and we find no merit to appellant's claim that the sentencing court herein improperly modified the original illegal sentence that was imposed by increasing the maximum period of incarceration after appellant had begun serving his sentence.[17]

17. Appellant also claims that 1) his guilty plea was not voluntary in that he was confused and fearful, did not understand of what a negotiated plea consisted and acted at the direction of counsel without knowledge or understanding of what he was doing; 2) the negotiated plea bargain was not fulfilled by the sentencing court in that appellant was allegedly never told that he could be sentenced to a consecutive term of probation; and 3) he was denied the effective assistance of counsel in that counsel did not object to the voluntariness of the plea, the "unfulfilled" negotiated plea bargain, and the "illegal" sentence imposed. Appellant did not file a motion to withdraw his plea, thus the first two issues have been waived. *Commonwealth v. Lee,* 460 Pa. 324, 333 A.2d 749 (1975). As these two issues were also raised, however, within the context of a claim of the ineffectiveness of counsel, we will address their merits.

A review of the guilty plea colloquy reveals that appellant was extensively questioned by his attorney, the prosecutor and the sentencing court regarding his knowledge and understanding of the terms of his plea bargain, the voluntariness of his plea, the consequences of his plea, and his satisfaction with counsel's representation of him. Similarly, the record does not support appellant's claim that he was not told that he would be sentenced to a consecutive term of probation under the terms of the negotiated plea bargain. Appellant was told twice during the colloquy that, under the plea bargain, he could be sentenced to a consecutive term of probation. Guilty Plea and Sentencing Transcript at 12 and 25–26 (May 28, 1985). When the court sentenced appellant to a consecutive three year term of probation, therefore, the court did *not* depart from the negotiated plea agreement as alleged by appellant. In order to prevail upon a claim of ineffectiveness of counsel, there must be merit to the underlying claim. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). Because there is no merit to any of appellant's claims, we find that appellant's counsel was not ineffective for failing to object to the voluntariness of appellant's plea, the "unfulfilled" negotiated plea bargain, or the "illegal" sentence imposed.

 

Accordingly, the order of Superior Court which affirmed the judgment of sentence is hereby affirmed.

ZAPPALA, J., files a concurring opinion.

ZAPPALA, Justice, concurring.

I concur in the result reached by the majority. The original sentences imposed by the trial judge violated the provision of the Sentencing Code which requires a minimum sentence of confinement which does not exceed one-half of the maximum sentence imposed, 42 Pa.C.S.A. § 9756(b). Recognizing that the original sentences of forty-eight to sixty-four months violated this statutory provision, the trial judge acted correctly in sua sponte conforming the sentences imposed to that which he had intended. Because the original sentences as stated were illegal, the Appellant and the Commonwealth had the statutory right to appeal the legality of the sentence. 42 Pa.C.S.A. § 9781(a).

In *Commonwealth v. Sojourner*, 513 Pa. 36, 518 A.2d 1145 (1986), we rejected an argument that judicial imposition of an increased penalty following the Commonwealth's appeal from an improper sentence under the sentencing provisions of 75 Pa.C.S. § 3731 violated the defendant's double jeopardy rights under the federal and state constitutions. We noted that the United States Supreme Court had held in *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) that the principles of double jeopardy are not violated where punishment pursuant to a statute is clear and explicit and the statute would permit an increased sentence on appeal. Because the sentencing provisions of 75 Pa.C.S. § 3731 are mandatory and the Commonwealth has the right of appeal to the Superior Court under § 3731(e)(4) from the imposition of any sentence which does not meet those provisions, we held that a defendant could not have an expectation of finality in a sentence which was improper under § 3731. No violation of a defendant's double jeopardy rights could be found because the Commonwealth had the statutory right to appeal from an improper sentence.

The instant case is distinguishable from *Sojourner* in that the trial judge was not required to impose a particular penalty for the crimes charged to which the Appellant plead guilty. For this reason, I find the majority's reliance upon our holding in *Sojourner* as authority for its broad statement that, "Thus, there can be no constitutional bar in this jurisdiction to an increase in sentence after service of the sentence has begun.", (Majority opinion at 389), is a misinterpretation of that holding.

I would find simply that the Appellant in this case cannot claim any expectation of finality in his original sentences because they were illegal and subject to appeal by the Commonwealth under 42 Pa.C.S.A. § 9781(a).