**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Christopher HOLMES, Appellee.**

Superior Court of Pennsylvania.

Submitted Aug. 4, 2003.

Filed Nov. 18, 2003.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellant.

John Packel, Public Defender, Philadelphia, for appellee.

BEFORE: JOYCE, LALLY–GREEN and CAVANAUGH, JJ.

---

OPINION BY JOYCE, J.:

¶ 1 The Commonwealth of Pennsylvania appeals from the April 9, 2002 order of the Court of Common Pleas of Philadelphia County which vacated the sentence imposed on Appellee, Christopher Holmes. After careful review, we reverse.

¶ 2 On May 17, 1996, Appellee entered a negotiated guilty plea to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance (35 P.S. § 780–113(a)(30)), and criminal conspiracy (18 Pa.C.S.A. § 903). With respect to the violation of 35 P.S. § 780–113(a)(30), the trial court sentenced Appellee to a term of imprisonment of "time in" (time served: from February 27, 1996 to May 17, 1996) to 23 months' incarceration, with immediate parole. The court also sentenced Appellee to two years' reporting probation, both sentences running consecutively. The court imposed no further penalty on the conspiracy charge.

¶ 3 Appellee was alleged to have violated his probation and on September 16, 1997, a probation violation hearing was held. Appellee did not appear for this hearing. After the hearing, the trial court revoked Appellee's probation and sentenced him to eleven and one-half to twenty-three months' incarceration.

¶ 4 On April 15, 1998, Appellee was paroled to the Eagerville Hospital substance abuse recovery program. In October 1998, Appellee was convicted of other drug offenses and was sentenced accordingly.

¶ 5 As a result of the 1998 convictions, on May 21, 2001, the trial court, after a hearing, revoked Appellee's parole[1] with respect to the sentence imposed on September 16, 1997. The court sentenced Appellee to three to six years' imprisonment, to run concurrently with any other sentence being served by Appellee. Appellee was also given credit for time served on this case. Appellee did not file any post-sentence motion and did not seek a modification of his sentence.

¶ 6 The next activity on this case was on April 9, 2002 when the trial court, *sua sponte*, issued an order vacating the sentence imposed on May 21, 2001. The Commonwealth has taken the instant appeal from the April 9, 2002 order, raising this single issue: "Was the lower court's *ex parte* order purporting to vacate defendant's sentence entered without jurisdiction?" Brief for the Commonwealth, at 5.

¶ 7 The Commonwealth argues that the trial court lacked jurisdiction to vacate the May 21, 2001 sentence. We agree. Following the imposition of sentence on May 21, 2001, Appellee had ten days to file a post-sentence motion challenging his sentence. See Pa.R.Crim.P. 708(D). It is undisputed that Appellee did not file a post-sentence motion in this case following the imposition of the May 21, 2001 sentence. Therefore, there was no post-sentence motion on the basis of which the trial court could have vacated the May 21, 2001 sentence.

¶ 8 Despite the absence of a post-sentence motion, we note that under certain circumstances, the trial court can, on its own motion, vacate or modify a defendant's sentence. However, the trial court must undertake such action within 30 days of the imposition of sentence. Under 42 Pa.C.S.A. § 5505, "a court upon notice to the parties may modify or rescind any order within 30 days after its entry, not-

---

1. Although the parties state that the May 21, 2001 order found Appellee in violation of his probation, a review of the record shows that the order found Appellee in violation of his **parole**.

withstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." In the instant case, the trial court entered an order on April 9, 2002 purporting to vacate the May 21, 2001 sentence. The April 9, 2002 order was clearly entered beyond the 30–day period prescribed in Section 5505. It was entered more than ten months after the May 21, 2001 sentence. We are aware of no authority pursuant to which a trial court may, *sua sponte*, vacate a sentence more than ten months after the sentence was imposed. Accordingly, we conclude that the trial court lacked jurisdiction to vacate the sentence imposed on May 21, 2001. As such, we must reverse the order of April 9, 2002 which was entered without jurisdiction.

■ ¶ 9 We recognize that the April 9, 2002 order indicated that the May 21, 2001 sentence was an illegal sentence. We also recognize that the legality of a sentence may be challenged at any time and may be raised by this Court *sua sponte*. However, the trial court must have jurisdiction before it may address the issue of the legality of sentence. As our Supreme Court noted in *Robinson v. Com., Pennsylvania Bd. of Probation and Parole*, 525 Pa. 505, 582 A.2d 857 (1990):

> The establishment of jurisdiction is of equal importance as the establishment of a meritorious claim for relief. Jurisdiction is the predicate upon which a consideration of the merits must rest. Where the jurisdiction of the court has been lost because of the staleness of the complaint, the attractiveness of an argument on the merits is of no moment because the tribunal is without the power to grant the requested relief.

*Id.* at 860 (citations omitted). Along the same lines, where a court lacks jurisdiction because a petition was untimely filed, the merits of the petition cannot cure the lack of jurisdiction. In *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 223 (1999) for instance, the appellant who filed an untimely PCRA petition argued that his petition could not be barred as untimely because to do so would result in the execution of an illegal sentence of death. The appellant further argued that claims will always be considered on the merits when the claims challenge the legality of the sentence. Our Supreme Court rejected this argument, stating that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. *Commonwealth v. Chester*, 557 Pa. 358, 733 A.2d 1242 (1999)." In the same vein, although the instant case does not involve a PCRA petition, it can equally be stated that even when the legality of the sentence is at issue (as it is in this case), jurisdictional time requirements must be still be met. Because the trial court's April 9, 2002 order was not entered within the 30–day period prescribed by 42 Pa.C.S.A. § 5505, the court did not have jurisdiction to enter the order. Therefore, we cannot uphold that order.

¶ 10 Citing *Commonwealth v. Jones*, 520 Pa. 385, 554 A.2d 50 (1989), Appellee argues that the trial court imposed a patently illegal sentence on May 21, 2001 and that such a sentence may be corrected at any time. Appellee's reliance on *Jones* is misplaced. In *Jones*, the trial court imposed an illegal sentence (the minimum term was more than half of the maximum term). "Immediately after appellant was sentenced and was on his way to Holmesburg to begin serving his sentence," the trial court recognized this error and corrected the sentence in the appellant's absence. *Id.* at 51. The next day, the sentencing court called the appellant back into the courtroom and informed him that the

sentences orally imposed the previous day had been corrected by the court. Thus, *Jones* does not stand for the proposition that the trial court may vacate an illegal sentence more than 30 days after the imposition of sentence.

¶ 11 Another case cited by Appellee, *Commonwealth v. Cole*, 437 Pa. 288, 263 A.2d 339 (1970), is distinguishable from the instant case. In *Cole*, the defendant was convicted of voluntary manslaughter. Following the conviction, the defendant filed motions in arrest of judgment and for a new trial. The trial court entered an order on March 3, 1969 which stated that the defendant's motion for a new trial and arrest of judgment was granted. On June 18, 1969, three and one-half months later, the trial court recognized that its order was self-contradictory and corrected the order to indicate that the motion for a new trial was being granted. The Supreme Court upheld the trial court's June 18, 1969 order, noting that "[t]he grant of a new trial And [sic] the grant of the motion in arrest of judgment were so clearly antagonistic that even the most casual reading of the order would disclose the irreconcilable nature thereof." *Id.* at 341. According to the Court,

> To grant a new trial And [sic] a motion in arrest of judgment simultaneously was contrary to common sense; if the motion in arrest of judgment was proper, Cole could not be tried again whereas, if the new trial was proper, the motion would have to fail. What the court did was simply to correct, by its order of June 18, a mistake which was plain on the face of the order and make the order of March 3 speak the truth.

*Id.* The Supreme Court also noted that there is a difference between reversing a judgment and correcting a clerical mistake. *Id.* at 341 n. 1.

¶ 12 In the instant case, we cannot state that the sentence imposed on May 21, 2001 contained a mistake which was plain from the face of the order. Further, the sentence was not facially self-contradictory or irreconcilable nor did it contain a clerical error. The trial court's order vacating Appellee's sentence is not a correction of a clerical error. Thus, the instant case is distinguishable from *Cole*. Also, *Cole* cannot be read as standing for the proposition that a trial court may vacate an allegedly illegal sentence at any time. Accordingly, we will reverse the order of the trial court and reinstate the sentence imposed on May 21, 2001. Any challenges to the legality of that sentence may properly be raised in a collateral proceeding.

¶ 13 Order reversed. The sentence imposed on May 21, 2001 is reinstated.