J. S67039/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM LUCAS HATFIELD, | : | |
| | : | |
| Appellant | : | No. 830 WDA 2014 |

Appeal from the Order April 10, 2014
In the Court of Common Pleas of Butler County
Criminal Division No(s).: CP-10-CR-0000800-2011
CP-10-CR-0000802-2011
CP-10-CR-0000920-2011

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED DECEMBER 29, 2014**

Appellant, William Lucas Hatfield, appeals *pro se* from the order entered in the Butler County Court of Common Pleas denying his *pro se* request for credit for time served against the judgments of sentences entered on August 31, 2011. Appellant claims he is entitled to credit for time in custody pre- and post-conviction from April 6, 2011, to December 10, 2013. We affirm.

Appellant, on August 31, 2011, entered a negotiated guilty plea to one count of robbery,[1] graded as a second-degree felony, listed at CR-0000800-

---

[*] Former Justice specially assigned to the Superior Court.

2011 ("800-2011"). He also pleaded guilty two counts of felony-three receiving stolen property ("RSP"),[2] one listed at CR-0000802-2011 ("802-2011") and the other at CR-0000920-2011 ("920-2011"). That same day, the trial court sentenced Appellant to: (1) five to fifteen years' imprisonment and five years' probation in 800-2011, (2) three to six years' imprisonment in 802-2011, and (3) three to six years' imprisonment in 920-2011. The written sentencing orders in all three cases left blank the preprinted provision for days' credit for time served.[3] Sentencing Order, 800-2011, 8/31/11, at 2; Sentencing Order, 802-2011, 8/31/11 at 2; Sentencing Order, 920-2011, 8/31/11, at 2. Another preprinted provision for each sentence was amended in handwriting to state that the individual sentences ran "~~consecutive~~ **concurrent** to any other sentence ~~currently being served~~." *Id.* (bold indicates handwritten addition; strikethroughs indicate handwritten deletions). Appellant did not take direct appeals from the underlying judgments of sentence.

---

[1] 18 Pa.C.S. § 3701(a)(1)(iv). The robbery charge in 800-2011 arose from the April 2, 2011 robbery of a Sunoco A-Plus.

[2] 18 Pa.C.S. § 3925(a). The receiving stolen property charge in 802-2011 related to the April 6, 2011 robbery of a Mars National Bank. The charge in 902-2011 related to the April 5, 2011 robbery of a S&T Bank.

[3] "In Pennsylvania, the text of the sentencing order . . . is determinative of the court's sentencing intentions and the sentence imposed." *Commonwealth v. Borrin*, 80 A.3d 1219, 1226 (Pa. 2013).

On January 13, 2012, more than four months after sentencing, Appellant filed a *pro se* motion "to correct an illegal sentence." The trial court granted the motion and on March 29, 2013, amended the sentence in 800-2011 to five to ten years' imprisonment without a probationary term.[4] Consequently, the aggregate sentence in the underlying matter was five to ten years' imprisonment.

On April 18, 2013, the trial court received a *pro se* motion "for time credit, *nunc pro tunc*," which Appellant dated as being served on April 15, 2013. Appellant requested credit from April 6, 2011, the date of his arrest in the underlying matters, to April 15, 2013, the date of his motion. He alleged credit had "not been actually been calculated to date as these case[s] have been held in limbo by a detainer[.]" Appellant's *Pro Se* Mot., 4/15/13, at 2. The trial court, on July 16, 2013, entered an order stating Appellant "shall receive credit for time served as allowed by law." Order, 7/16/13.

On December 27, 2013, the trial court received Appellant's second *pro se* motion "for time credit and modification *nunc pro tunc*," which gives rise to this appeal. In that motion, he asserted that the trial court's July 16, 2013 order granted his request for credit, but was thereafter unable to

---

[4] Appellant's January 13, 2012 *pro se* motion, which alleged his sentence exceeded a lawful maximum, should have been regarded as a timely first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

receive a Department of Corrections (DOC) sentence form reflecting the award of credit. Appellant's *Pro Se* Mot., 12/27/13, at 2. He requested that the trial court review a DOC sentence status summary form, dated December 13, 2013,[5] and modify or reduce the underlying aggregate sentence to reflect the award of credit. ***Id.*** at 3 & Ex.

The trial court, on April 10, 2014, entered the instant order denying Appellant's motion. The court found:

> [T]he Department of Corrections legally concluded that [Appellant] is not entitled to credit for time served from March 18, 2011 until November 14, 2013 as he was serving "back time" on a parole violation at case number 2-1643 of 2002 issued by The Honorable Judge Marilyn Horan of the Butler County Court of Common Pleas on November 25, 2002.[6] . . .

Order, 4/10/14.

Appellant filed a timely notice of appeal from the April 10, 2014 order and complied with the order to file a Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion.

---

[5] The DOC sentence status summary form stated the start date for the underlying sentences was "11/14/2013 due to paroling from FE4225 on 11/13/13" and indicated "commitment credit" on 800-2011 from "04/18/2011 to 11/30/2011." Appellant's *Pro Se* Mot., 12/27/13, Ex. at 1-2. The "controlling minimum date" was listed as "04/28/18" and the "controlling maximum date" was listed as "04/28/2023." ***Id.*** at 1.

[6] Neither Appellant nor the trial court provided any additional information or documentation regarding Appellant's 2002 conviction. We take note that a public docket sheet in CP-10-CR-0021643-2002 ("21643-2002") indicates Appellant pleaded guilty to conspiracy and robbery and was sentenced to an aggregate seven to fourteen years' imprisonment on November 26, 2002.

Appellant's *pro se* brief presents the following question for review: "Did the court ignore [his] constitutional rights under the 14th amendment to the U.S. Constitution?" Appellant Brief at 3. Appellant argues that both the trial court and the DOC violated the July 16, 2013 order stating he "shall receive credit for time served as allowed by law." ***Id.*** at 8; ***see also*** Order 7/16/13. He renews his assertion that he is entitled to more than two years of credit for time served before and after his convictions in the instant matter. Appellant's Brief at 7. He offers two citations to legal authority without any additional discussion. ***Id.*** at 8 (citing ***Commonwealth v. Jones***, 554 A.2d 50 (Pa. 1989); ***Commonwealth v. Cole***, 263 A.2d 339 (Pa. 1970)). He then concludes he "is serving an illegal sentence that cannot be waived" and requests a remand for an evidentiary hearing to correct his sentence. ***Id.*** at 8-9.

Preliminarily, we must discuss the authority of the trial court to enter the instant order.

> Whether a court has subject matter jurisdiction is a question of law. Our scope of review is plenary, and our standard of review is *de novo*. The existence of subject matter jurisdiction goes to the heart of a court's ability to act in a particular case. It is not waivable, even by consent, and may be raised by any party or by the court, *sua sponte*, at any stage of the proceeding.

***Commonwealth v. Hemingway***, 13 A.3d 491, 496 (Pa. Super. 2011) (citations omitted).

This Court, in **Commonwealth v. Perry**, 563 A.2d 511 (Pa. Super. 1989), described the proper mechanisms for seeking relief on sentencing credit claims. "If the alleged error is thought to be the result of an erroneous computation of sentence by the [DOC], then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the [DOC's] computation." **Perry**, 563 A.2d at 512-13 (citation omitted). "It was only when the petitioner challenges the **legality** of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence was deemed cognizable as a due process claim in PCRA proceedings." **Id.** at 513 (citation omitted). "If . . . the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed." **Id. Perry** concluded that a claim that the DOC erred in its calculation or interpretation of an allegedly valid sentencing order is not cognizable in a PCRA proceeding. **Id.**; **accord Commonwealth v. Heredia**, 97 A.3d 392, 394-95 (Pa. Super. 2014).

As to actions cognizable under the PCRA or an independent *habeas corpus* proceeding, it is well settled that challenges to the legality of sentence, including claims the trial court failed to award sentencing credit, are cognizable under the PCRA. **Commonwealth v. Beck**, 848 A.2d 987, 989-90 (Pa. Super. 2004). Nevertheless, a PCRA petition raising such

claims must be filed within one year of the date the judgment of sentence becomes final unless the petitioner proves an exception under 42 Pa.C.S. § 9545(b)(1). *Id.* at 990 (discussing 42 Pa.C.S. § 9545(b)(1), (b)(3)). "[T]he timeliness requirements of the PCRA are jurisdictional time limits that go to a court's right or competency to adjudicate a controversy." *Id.* at 989 (citation and punctuation omitted). Furthermore, the PCRA subsumes the common law writ of *habeas corpus*. *Id.*; **accord Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013). Therefore, a petitioner may not use a *habeas corpus* proceeding to circumvent the PCRA time-bar if his claim is cognizable under the PCRA. *Taylor*, 65 A.3d at 466. *Habeas corpus* relief may be sought only if the PCRA cannot provide the possibility of a remedy. *Id.* at 465-66.

Instantly, Appellant asserted that the DOC erred in calculating the time he served in custody related to the instant cases. He claimed it was error for the DOC to credit the time he was in custody in the instant matter to the service of his back time in 21643 of 2002.[7] Similarly, he contended that the DOC erred in setting the effective start date of the instant sentences as November 13, 2013, even though he was sentenced on August 31, 2011. He did not allege ambiguity or illegality in the trial court's sentencing orders.

---

[7] Appellant failed to acknowledge that the DOC credited 226 days, from "04/18/2011 to 11/30/2011," to the underlying aggregate sentence, which would include much of his pre-conviction detentions in these matters. **See** Ex. To Appellant's *Pro Se* Mot., 12/27/13, at 2.

We conclude Appellant did not state a claim cognizable under the PCRA or a *habeas corpus* proceeding. *See Heredia*, 97 A.3d at 394-95; *Perry*, 563 A.2d at 513. However, even if Appellant preserved a challenge to the legality or validity of the underlying sentencing orders, his scant arguments before this Court would require waiver of his arguments. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Rhodes*, 54 A.3d 908, 915 (Pa. Super. 2012). We further note that Appellant did not argue he established jurisdiction under the PCRA by demonstrating that his request for relief was timely presented under the PCRA. *See Beck*, 848 A.2d at 989-90. Lastly, Appellant did not argue he established a right to seek *habeas corpus* relief independent of the PCRA. *See id.*; *Taylor*, 65 A.3d at 466.

In light of the foregoing, we discern no basis to disturb the order denying Appellant's instant request for sentencing credit and/or a modification of his sentence.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2014

- 8 -