**RULES OF JUVENILE COURT PROCEDURE**

**DELINQUENCY MATTERS**

* * *

**CHAPTER 4.  ADJUDICATORY HEARING**

401.  Introduction to Chapter Four
404.  Prompt Adjudicatory Hearing
406.  Adjudicatory Hearing
407.  Admissions
408.  Ruling on Offenses
409.  Adjudication of Delinquency
**415.  Challenge to the Weight of the Evidence**

* * *

**[This is an entirely new rule.]**

**RULE 415.  CHALLENGE TO THE WEIGHT OF THE EVIDENCE**

A. **Timing and Manner.**  A claim that a ruling on the offense or an adjudication of delinquency was against the weight of the evidence shall be raised with the juvenile court judge:

1) by oral motion, on the record, at any time after the ruling or adjudication and before disposition;

2) by written motion at any time after the ruling or adjudication and before disposition; or

3) in a post-dispositional motion pursuant to Rule 620(A)(1).

B. **Decision.**  If the claim is raised before disposition:

1) the judge shall decide the motion before entering disposition and shall not extend the date for disposition or otherwise unduly delay the disposition hearing in order to dispose of the motion; and

2) the claim shall be preserved for appeal.

C. **Appeal.**  An appeal of a decision shall be governed by the timing requirements of Rule 620(B)(2) or (3), whichever applies.

**COMMENT**

The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the juvenile court judge or it will be waived.  *See also In re J.B.*, 106 A.3d 76, 95 (Pa. 2014) (claim cannot be raised via closing argument).  When a claim is raised pursuant to paragraph (A)(1) or (A)(2), it need not be raised again in a post-dispositional motion to preserve the claim for appeal.

**Official Note:** Rule 415 adopted May 23, 2018, effective October 1, 2018.

*Committee Explanatory Reports*:

Final Report explaining the adoption of Rule 415 published with the Court's Order at __ Pa.B. __ (__ __, 2018).

**RULE 620.  POST-DISPOSITIONAL MOTIONS**

A.  **Optional Post-Dispositional Motion.**

1)  **[The parties] A party** shall have the right to **[make] file** a post-dispositional motion.  All requests for relief from the court shall be stated with specificity **[and particularity,]** and shall be consolidated in the post-dispositional motion.

2)  **[Issues] Claims properly** raised before or during the adjudicatory hearing shall be deemed **issues** preserved for appeal whether or not the party elects to file a post-dispositional motion on those **[issues] claims**.

B.  **Timing.**

1)  If a post-dispositional motion is filed, it shall be filed **[no later than] within** ten days **[after] of** the **[imposition of] date of entry of the** disposition**al order**.

2)  If a timely post-dispositional motion is filed, the notice of appeal shall be filed **within thirty days of the date of entry of the post-dispositional order**:

a)  **[within thirty days of the entry of the order]** deciding the motion;

b)  **[within thirty days of the entry of the order]** denying the motion by operation of law in **a** case**[s in which] when** the judge fails to decide the motion; or

c)  **[within thirty days of the entry of the order]** memorializing the withdrawal in **a** case**[s in which] when** a party withdraws the motion.

3)   If a post-dispositional motion is not timely filed, a notice of appeal shall be filed within thirty days of the **[imposition of] date of entry of the** disposition**al order**.

C.  **Court Action.**

1)  **Briefing Schedule and Argument.**  Within ten days of the filing of the post-dispositional motion, the court shall:

a)  determine if briefs, memoranda of law, or oral arguments are required; and

b)  set **[a] the** briefing schedule and dates for oral argument, if necessary.

2) **Failure to Set Schedule.** If the court fails to act according to paragraph (C)(1), briefs and oral arguments are deemed unnecessary.

3) **Transcript.** If the grounds asserted in the post-dispositional motion do not require a transcript, neither the briefs nor arguments **[on] concerning** the post-dispositional motion shall be delayed for transcript preparation.

D. **Time Limitations for Decision on Motion.** The judge shall not vacate **the** disposition pending the decision on the post-dispositional motion, but shall decide the motion as provided in this paragraph.

   1) Except as provided in paragraph (D)(2), the judge shall decide the post-dispositional motion as soon as possible but within thirty days of the filing of the motion. If the judge fails to decide the motion within thirty days, or to grant an extension as provided in paragraph (D)(2), the motion shall be deemed denied by operation of law.

   2) Upon motion of a party **and good cause shown, prior to the expiration of [within]** the 30-day **[disposition] decision** period **of paragraph (D)(1)**, **[for good cause shown, ]**the judge may grant one 30-day extension **[for decision on] to decide** the motion. If the judge fails to decide the motion within the 30-day extension period, the motion shall be deemed denied by operation of law.

   3) When a post-dispositional motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court**[,and, as provided p]. P**ursuant to Rule 167, **the clerk of courts** shall serve a copy of the order **up**on each attorney and the juvenile, if unrepresented, that **states** the post-dispositional motion is deemed denied. This order is not subject to reconsideration.

   4) If the judge denies the post-dispositional motion, the judge promptly shall issue an order**.** **[and the] The** order shall be filed and served as provided in Rule 167.

   5) If a party withdraws a post-dispositional motion, the judge promptly shall issue an order memorializing the withdrawal**.** **[and the] The** order shall be filed and served as provided in Rule 167.

E. **Contents of [o]Order.** An order denying a post-dispositional motion**[, whether issued by the judge pursuant to paragraph (D)(4) or entered by the clerk of courts pursuant to paragraph (D)(3),]** or an order issued following a party's withdrawal of the post-dispositional motion pursuant to paragraph (D)(5), shall include notice to the party of the following:

1) the right to appeal;

2) the time limit**ation**s **[within which]** <u>for filing</u> the appeal **[ shall be filed]**; and

3) the right to counsel **[in the preparation of]** <u>for</u> the **[appeal]** <u>appellate process</u>.

F. **After-[d]Discovered [e]Evidence.**  A motion for a new adjudicat**ory[ion]** <u>hearing</u> on the grounds of after-discovered evidence shall be filed in writing promptly after such discovery.  If an appeal is pending, the judge may grant the motion only upon remand of the case.

## COMMENT

**[The purpose of this rule is to promote the fair and prompt resolution of all issues relating to admissions, adjudication, and disposition by consolidating all possible motions to be submitted for court review, and by setting reasonable but firm time limits within which the motion is to be decided.  Because the post-dispositional motion is optional, a party may choose to raise any or all properly preserved issues in the trial court, in the appellate court, or both.**

**For the definition of "disposition," see Rule 120 and its *Comment.***

***OPTIONAL POST-DISPOSITIONAL MOTION***

***See In re Brandon Smith*, 393 Pa. Super. 39, 573 A.2d 1077 (1990), for motions on ineffective assistance of counsel.**

**Under paragraph (A)(2), any issue raised before or during adjudication is deemed preserved for appeal whether a party chooses to raise the issue in a post-dispositional motion.  It follows that the failure to brief or argue an issue in the post-dispositional motion would not waive that issue on appeal as long as the issue was properly preserved, in the first instance, before or during adjudication.  Nothing in this rule, however, is intended to address Pa.R.A.P. 1925(b) or the preservation of appellate issues once an appeal is filed.  *See Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998) (any issues not raised in a 1925(b) statement will be deemed waived).**

**Under paragraph (B)(1), if a party chooses to file a post-dispositional motion, the motion is to be filed within ten days of imposition of disposition.  The filing of the written post-dispositional motion triggers the time limits for decision on the motion.  *See* paragraph (D)(1).**

***TIMING***

Paragraph (B) contains the timing requirements for filing the optional post-dispositional motion and taking an appeal.  Under paragraph (B)(1), the post-dispositional motion is to be filed within ten days of imposition of disposition.  Supplemental motions may be filed but the time requirements of paragraph (B)(1) are to be followed.

When a party files a timely post-dispositional motion, the 30-day period for the juvenile's direct appeal on all matters in that case is triggered by the judge's decision on the post-dispositional motion, the denial of the motion by operation of law, or the withdrawal of the post-dispositional motion.  The appeal period runs from the entry of the order.  As to the date of entry of orders, see Pa.R.A.P. 108.  No direct appeal may be taken by the party while the post-dispositional motion is pending.  *See* paragraph (B)(2).

If no timely post-dispositional motion is filed, the party's appeal period runs from the date disposition is imposed.  *See* paragraph (B)(3).]

For the definition of "disposition," see Rule 120 and its Comment.

When properly raised before or during a hearing, a claim will be deemed preserved for appeal and the party need not file a post-dispositional motion solely for the purpose of preservation.  To raise a claim that a ruling on the offense or an adjudication of delinquency was against the weight of the evidence, see Rule 415.  Nothing in this rule is intended to address Pa.R.A.P. 1925(b) or the possible waiver of appellate issues for non-compliance with the Pennsylvania Rules of Appellate Procedure once an appeal is filed.  *See, e.g., Commonwealth v. Lord,* 719 A.2d 306 (Pa. 1998) (any issues not raised in a 1925(b) statement will be deemed waived).

*See* Rule 622 and *In re Brandon Smith*, 573 A.2d 1077 (Pa. Super. 1990), for motions concerning ineffective assistance of counsel.

*TIMING*

Supplemental post-dispositional motions may be filed, but the time requirements of paragraph (B)(1) are to be followed.

For the date of entry of an order, see Pa.R.A.P. 108(a)(1) ("[T]he day of entry shall be the day the clerk of the court … mails or delivers copies of the order to the parties.…").

*BRIEFS; TRANSCRIPTS; ARGUMENT*

Under paragraph (C)(1), the judge should determine, on a case-by-case basis, whether briefs, memoranda of law, or arguments are required for a fair resolution of the post-dispositional motion. **[If they are not needed, or if]** __The judge may order that__ a concise summary of the relevant law and facts is sufficient **[, the judge should so order]**. Any local rule**[s]** requiring briefs or oral argument __in every case__ [are] __is__ inconsistent with this rule. *See* **[Rule 121(E)]** __Pa.R.J.A. No. 103(d)(2)__.

Under paragraph (C)(3), the judge, in consultation with the attorneys, should determine what, if any, portions of the notes of testimony are to be transcribed so that the post-dispositional motion can be resolved. The judge should then set clear deadlines for the court reporter to **[insure]** __ensure__ timely resolution of the motion. Nothing in this rule precludes the judge from ordering the transcript__ion of the notes of testimony__ or portions of it immediately after the conclusion of the adjudicatory__,__ __dispositional, or revocation__ hearing or the entry of an admission.

For the recording and transcribing of court proceedings generally, see **[Rule 127]** __Pa.R.J.A. Nos. 4001-4016__. The requirements for the record and the writing of an opinion **[on]** __for an__ appeal are set forth in the Pennsylvania Rules of Appellate Procedure.

There is no requirement that oral argument be **[heard on]** __held for__ every post-dispositional motion. When oral argument is **[heard on]** __held concerning__ the post-dispositional motion, the juvenile need not be present.

*DISPOSITION*

Under paragraph (D), **[once a party makes a timely written post-dispositional motion, the judge retains jurisdiction for the duration of the disposition period. The]** __the__ judge may not vacate the order imposing __the__ disposition pending decision on the post-dispositional motion. __However, the judge may vacate or change the disposition once there has been a decision on the motion if the motion was decided within the time limitations of this rule.__

Paragraph (D)(2) permits one 30-day extension of the 30-day time limit__ation[, for good cause shown,]__ upon motion of a party __and good cause shown__. In most cases, an extension would be requested and granted when new counsel has entered the case. Only a party may request such an extension. The judge may not, *sua sponte*, extend the time for __the__ decision: a congested court calendar or other judicial delay does not constitute "good cause" under this rule.

The possibility of an extension is not intended to suggest that thirty days are required for a decision in most cases. The time limit**ation**s for resolution of the post-dispositional motion are the outer limits. **[Easily resolvable]** <u>Uncomplicated</u> issues, such as a modification of **the** disposition or an admission challenge, **ordinarily** should **[ordinarily]** be decided in a much shorter **time** period **[of time]**.

If the judge decides the motion within the time limit**ation**s of this rule, the judge may grant reconsideration on the post-dispositional motion pursuant to 42 Pa.C.S. § 5505 or Pa.R.A.P. 1701(b)(3), but the judge may not vacate the disposition pending reconsideration. The reconsideration period may not be used to extend the timing requirements set forth in paragraph (D) for decision **[on]** <u>of</u> the post-dispositional motion**[:].** **[the]** <u>The</u> time limit**ation**s imposed by paragraphs (D)(1) and (D)(2) continue to run from the date the post-dispositional motion was originally filed. The judge's reconsideration, therefore, is to be resolved within the 30-day decision period of paragraph (D)(1) or the 30-day extension period of paragraph (D)(2), whichever applies. If a decision on the reconsideration is not reached within the appropriate period, the post-dispositional motion, including any issues raised for reconsideration, will be denied pursuant to paragraph (D)(3).

Under paragraph (D)(1), on the date when the court **[disposes of]** <u>decides</u> the motion, or the date when the motion is denied by operation of law <u>**pursuant to paragraph (D)(3)**</u>, the judgment becomes final for the purposes of appeal. *See* **[Judicial Code,]** 42 Pa.C.S. §§ 102, 722, 742, 5105(a)<u>**, Pa.R.A.P. 341,**</u> and *Commonwealth v. Bolden*, **[472 Pa. 602, ]** 373 A.2d 90 (<u>**Pa.**</u> 1977). **[*See* Pa.R.A.P. 341.]**

An order entered by the clerk of courts under paragraph (D)(3) constitutes a ministerial order and**[, as such,]** is not subject to reconsideration or modification pursuant to 42 Pa.C.S. § 5505 or Pa.R.A.P. 1701.

If the motion is denied by operation of law, paragraph (D)(3) requires that the clerk of courts enter an order denying the motion on behalf of the court and immediately notify the attorneys, or the juvenile, if unrepresented, that the motion has been denied. This notice is intended to protect the party's right to appeal. The clerk of courts also is to comply with the filing, service, and docket entry requirements of Rule 167.

*CONTENTS OF ORDER*

Paragraph (E) protects a party's right to appeal by requiring that the judge's order denying the motion, the clerk of courts' order denying the motion by operation of law, or the order entered memorializing a party's withdrawal of a post-dispositional motion, contain <u>**a**</u> written notice of the party's **[appeal]** <u>appellate</u> rights. This requirement ensures adequate notice to the party, which is important given the potential time lapse

between the notice provided at **the** disposition**al hearing** and the resolution of the post-dispositional motion.  *See also Commonwealth v. Miller,* 715 A.2d 1203 (Pa. Super. **[Ct.]** 1998), concerning the contents of the order memorializing the withdrawal of a post-dispositional motion.

When a party withdraws a post-dispositional motion in open court and on the record, the judge should **[orally]** enter an **oral** order memorializing the withdrawal**.  [for the record, and]  The judge is to** give the party notice of the information required by paragraph (E).  *See Commonwealth v. Miller, supra.*

### *AFTER-DISCOVERED EVIDENCE*

**Pursuant to paragraph (F), a motion for a new adjudicatory hearing on the grounds of after-discovered evidence may be filed with the court.  If the motion is filed, it is to be in writing after such discovery is made if there is no appeal pending.  *See* Rule 622 for filing a motion for *nunc pro tunc* relief.  If an appeal is pending, the judge may grant the motion only upon remand of the case.**

**If there is after-discovered evidence concerning the dispositional hearing, a motion for a change in the dispositional order may be filed with the court.  The motion may allege a need for a change in the dispositional order pursuant to Rule 610(B).  If this motion is made, notice and an opportunity to be heard is to be given to the parties and the victim.  *See* Rule 610(B) and 42 Pa.C.S. § 6353.**

### *MISCELLANEOUS*

Under paragraph (A)(1), the grounds for the post-dispositional motion should be stated with **[particularity] specificity**.  Motions alleging insufficient evidence, for example, are to specify **[in what way] the reasons why** the evidence was insufficient, and motions alleging that the court's findings were against the weight of the evidence are to specify why the findings were against the weight of the evidence.

Because the post-dispositional motion is optional, the failure to raise **[an issue] a claim** with **[sufficient particularity] specificity** in the post-dispositional motion will not constitute a waiver of the issue on appeal **[as long as] if** the **[issue] claim** was **properly raised [preserved before or during adjudication]**.  *See* paragraph (A)(2).

**[Issues] Claims** properly preserved at the dispositional hearing need not, but may, be raised again in a motion to modify disposition in order to preserve them for appeal.  In deciding whether to move to modify **the** disposition, counsel **should** carefully **[is to]** consider whether the record created at the dispositional hearing is adequate for appellate review of the issues, or the issues may be waived.  *See Commonwealth v. Jarvis*, **[444 Pa. Super. 295,]** 663 A.2d 790 (**Pa. Super.** 1995).  As a

general rule, the motion to modify **the** disposition under paragraph (A)(1) gives the dispositional judge the earliest opportunity to modify the disposition.  This procedure does not affect the court's inherent powers to correct an illegal disposition or obvious and patent mistakes in its orders **[at]** any time before **an** appeal or upon remand by the appellate court.  *See, e.g.,* **Commonwealth v. Holmes, 933 A.2d 57 (Pa. 2007) (court has inherent power to correct patent and obvious mistakes despite the absence of traditional jurisdiction);** *Commonwealth v. Jones,* **[520 Pa. 385,]** 554 A.2d 50 (**Pa.** 1989) (court can, *sua sponte,* correct an illegal sentence even after the defendant has begun probation or placement)**; [and]** *Commonwealth v. Cole,* **[437 Pa. 288,]** 263 A.2d 339 (**Pa.** 1970) (inherent power of the court to correct obvious and patent mistakes).

Once a disposition has been modified or reimposed pursuant to a motion to modify **the** disposition under paragraph (A)(1), a party wishing to challenge the decision on the motion does not have to file an additional motion to modify **the** disposition in order to preserve an issue for appeal**[, as long as]** **if** the issue was properly preserved **[at the time]** **when the** disposition was modified or reimposed.  **See paragraph (B)(2).**

**Official Note:**  Rule 520 adopted May 17, 2007, effective August 20, 2007.  Amended July 28, 2009, effective immediately.  Amended January 11, 2010, effective March 1, 2010.  Renumbered Rule 620 on February 23, 2012, effective April 1, 2012.  **Amended May 23, 2018, effective October 1, 2018.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 520 published with the Court's Order at 37 Pa.B. 2506 (June 2, 2007).  Final Report explaining the amendment to Rule 520 published with the Court's Order at 39 Pa.B. 4743 (August 8, 2009).  Final Report explaining the renumbering of Rule 520 to 620 published with the Court's Order at 42 Pa.B. 1214 (March 10, 2012).  **Final Report explaining the amendments to Rule 620 published with the Court's Order at ___ Pa.B. ___ ( ___, 2018).**