J. S37033/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :     IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
v.      :
:
JOSEPH PATTERSON,        :       No. 1979 EDA 2019
:
Appellant    :


Appeal from the PCRA Order Entered June 27, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006519-2012


BEFORE:  SHOGAN, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:     Filed: December 30, 2020

Joseph Patterson appeals from the June 27, 2019 order entered by the Court of Common Pleas of Philadelphia County dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we quash.

On September 18, 2012, appellant entered a negotiated guilty plea, wherein he pled guilty to one count each of attempted murder and possession of an instrument of crime.[1]  Pursuant to the terms of the negotiated guilty plea agreement, the trial court imposed an aggregate sentence of 12-24 years' imprisonment, with mental health treatment as needed.  Appellant did not seek direct appellate review.

---

[1] 18 Pa.C.S.A. §§ 901(a) and 907(a), respectively.

On August 22, 2013, appellant filed a timely *pro se* PCRA petition. On February 10, 2017, the PCRA court appointed Peter A. Levin, Esq., to represent appellant. Attorney Levin filed an amended PCRA petition on appellant's behalf on October 18, 2017. The PCRA court subsequently held an evidentiary hearing on January 31, 2019. On March 15, 2019, the PCRA court entered an order dismissing appellant's PCRA petition and granting Attorney Levin leave to withdraw. The PCRA court then vacated its March 15, 2019 order on June 27, 2019. That same day, the PCRA court entered an order dismissing appellant's PCRA petition.

Appellant filed a notice of appeal on July 12, 2019. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant timely complied. The PCRA court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

Before we can address the merits of appellant's appeal, we must first determine whether we have jurisdiction to do so. Indeed, we may raise a jurisdictional issue *sua sponte*. *Commonwealth v. Parker*, 173 A.3d 294, 296 (Pa.Super. 2017), citing *Commonwealth v. Grove*, 170 A.3d 1127, 1136-1137 (Pa.Super. 2017); *Commonwealth v. Ivy*, 146 A.3d 241, 255 (Pa.Super. 2016).

As our supreme court has observed:

> Once a PCRA petition has been decided and the ruling on it has become final, there is nothing for a subsequent petition or pleading to "extend." Far from continuing in perpetuity, the trial court's jurisdiction

- 2 -

over a matter generally ends once an appeal is taken from a final order or, if no appeal is taken, thirty days elapse after the final order. ***See*** 42 Pa.C.S.[A.] § 5505 ("Modification of orders: Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order **within 30 days after its entry**, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.").

***Commonwealth v. Robinson***, 837 A.2d 1157, 1162 (Pa. 2003) (emphasis added).

This court, however, has recognized that there are some instances in which a final order may be altered beyond 30 days of entry.

The power to modify a sentence in order to amend records, to correct mistakes of court officers or counsel's inadvertencies, or to supply defects or omissions in the record is inherent in our court system. ***Commonwealth v. Fiore***, [] 491 A.2d 276 ([Pa.Super.] 1985). A sentencing court can, ***sua sponte***, correct an illegal sentence originally imposed, even after the defendant has begun serving the original sentence. ***Commonwealth v. Jones***, [] 554 A.2d 50 ([Pa.] 1989). Where an initial punishment was procured by fraud, the trial court may decrease or increase the initial sentence. ***Id.*** ***Commonwealth v. Myer***, [] 82 A.2d 298 ([Pa.Super.] 1951). This inherent power of the court to correct obvious and patent mistakes is not eliminated by the expiration of the thirty-day appeal period. ***Commonwealth v. Cole***, [] 263 A.2d 339 ([Pa.] 1970). In ***Cole***, the Pennsylvania Supreme Court explained that an order granting both a new trial and an arrest of judgment was clearly contradictory; thus, the original order was patently erroneous and could be corrected even after the thirty days had passed. ***Id.***

*Commonwealth v. Harper*, 890 A.2d 1078, 1082 (Pa.Super. 2006), quoting *Commonwealth v. Quinlan*, 639 A.2d 1235, 1239 (Pa.Super. 1994), *appeal dismissed as improvidently granted*, 675 A.2d 711 (Pa. 1996).

In the instant case, there is no evidence of record that the PCRA court's March 15, 2019 order was the product of fraud, nor is there any evidence of record indicating that the March 15, 2019 order was contradictory or was vacated to correct any obvious or patent mistakes. On October 22, 2020, this court directed the PCRA court to file a supplemental Pa.R.A.P. 1925(a) opinion explaining why it vacated its March 15, 2019 order on June 27, 2019, and then immediately entered the same dismissal order with the later date. The PCRA court has not complied with our directive. Since the appeal presently before this court is clearly untimely, we quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Shogan, J. joins this Memorandum.

Nichols, J. notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/20