J-S38006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES HOLLEY | : | |
| | : | |
| Appellant | : | No. 3130 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 17, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0006143-2013

BEFORE:   STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 3, 2025**

Appellant, James Holley, appeals from the modified judgment of sentence imposed on November 17, 2023, by the Court of Common Pleas of Philadelphia County (trial court).  He challenges the trial court's authority to modify his sentence beyond the 30-day period set forth in 42 Pa.C.S.A. § 5505, as well as the legality of the modified sentence.  Upon review, we find merit in the claim that part of the modified sentence is illegal, requiring us to vacate the judgment of sentence, and remand the case for further proceedings.

The trial court aptly summarized the factual and procedural history of this case as follows:

On August 20, 2013, [Appellant] entered a negotiated guilty plea to aggravated indecent assault of a child, graded as a felony of

_____

[*] Former Justice specially assigned to the Superior Court.

the first degree, and [sexual abuse of children], graded as a felony of the second degree. As part of the negotiated guilty plea, [Appellant] specifically agreed to a sentence of 7 ½ to 20 years of incarceration for aggravated indecent assault of a child, to be followed by 10 years of state-supervised sex offender probation. The [trial court] accepted [Appellant's] plea as knowingly and voluntarily tendered, and deferred sentencing pending a Megan's Law assessment by the Sexual Offender Assessment Board ("SOAB").

On December 5, 2013, [Appellant] appeared for sentencing, at which time the [trial court] imposed the negotiated sentence of 7 ½ to 20 years of incarceration, followed by 10 years of state-supervised sex offender probation. (N.T. 12/05/13 at 4). [Appellant] did not file a motion for reconsideration of sentence or a direct appeal.

On April 19, 2023, the Pennsylvania Department of Corrections inadvertently released [Appellant] from prison based on the mistaken belief that he had maxed out the incarceration portion of his sentence.[4]

> [4] [Appellant's] written sentencing order erroneously indicated a sentence of 7 ½ to 10 years, which not only is an illegal sentence, but conflicted with the [trial court's] unambiguous oral sentence on the record, as well as the written guilty plea forms and secure docket entries.

The matter came before the [trial court] on May 2, 2023, following the state parole/probation agent's request for GPS monitoring of [Appellant] and implementation of sex offender conditions. In the interim, there was an alleged violation by [Appellant], which brought him before the [trial court] – at which time it became apparent to the [trial court] that the written sentencing order contained the erroneous, illegal sentence of 7 ½ to 10 years.

On November 17, 2023, the [trial court] held a hearing on the matter, and following argument by the parties, found that the 7 ½-to-10-year sentence in the written order was a patent mistake in light of the record:

> THE COURT: . . . I find that the seven and a half to ten years was a patent mistake in the sentencing

order and I'm going to sentence [Appellant] to the sentence that was agreed upon and was negotiated of seven and a half to 20 years on the aggravated indecent assault of a child, followed by ten years of state sex offender probation.

(N.T. 11/17/23 at 16-17).

Trial Court Opinion, 6/29/24, at 1-2 (some footnotes omitted). This appeal followed. Both the trial court and Appellant have complied with Pa.R.A.P. 1925. Appellant raises four related issues for our review:

Did the trial court err when it amended [Appellant's] sentence and increased his maximum sentence of incarceration from ten to twenty years because: (1) the written sentencing order controls, (2) the increase in sentence violated the prohibition against double jeopardy, (3) the trial court lacked jurisdiction and (4) the new sentence was illegal?

Appellant's Brief, at 3.

We start with Appellant's claim that the trial court lacked jurisdiction to modify his sentence beyond the 30-day period prescribed by Section 5505. *See id.* at 24-26. A question regarding the power of a trial court to correct an alleged sentencing error presents a pure question of law; thus, our scope of review is plenary, and our standard of review is *de novo*. **Commonwealth v. Borrin**, 12 A.3d 466, 471 (Pa. Super. 2011) (*en banc*).

Generally, a trial court may only modify or rescind an order within 30 days after its entry, unless an appeal has been filed sooner. 42 Pa.C.S.A. § 5505. After that point, the trial court loses jurisdiction over the case. **See Commonwealth v. Holmes**, 933 A.2d 57, 65 (Pa. 2007). However, it is well-settled in Pennsylvania that a trial court has inherent, common-law

authority to correct clear clerical errors in its orders. ***See id***. A trial court maintains this authority even after the expiration of the 30-day period set forth in Section 5505. ***Id.*** Nevertheless, our Supreme Court has cautioned:

> This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception to the cases at bar, we note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. Not all illegal sentences will be amenable to correction as patent errors. Moreover, the inherent power to correct errors does not extend to reconsideration of a court's exercise of sentencing discretion. A court may not vacate a sentencing order merely because it later considers a sentence too harsh or lenient.

***Id.*** at 66-67.

In ***Holmes***, our Supreme Court considered two companion cases – ***Commonwealth v. Holmes***, 837 A.2d 501 (Pa. Super. 2003) and ***Commonwealth v. Whitfield***, 833 A.2d 1152 (Pa. Super. 2003) – to determine whether a trial court had inherent jurisdiction to modify or rescind an illegal order absent statutory jurisdiction under Section 5505. ***Id.*** at 58. In ***Holmes***, the defendant violated his parole, requiring him to serve the balance of the original sentence.[1] ***Id.*** at 59. The trial court, however, sentenced him as if he had violated probation and imposed a new sentence. ***Id.*** The trial court realized its mistake more than 30 days after its imposition and *sua sponte* vacated the sentence. ***Id.*** This Court reversed, concluding

---

[1] "If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted[.]" 61 Pa.C.S.A. § 6138(a)(2).

that the mistake was not patent and obvious and "the sentence was not facially self-contradictory or irreconcilable nor did it contain a clerical error." *Id.* at 60-61.

In *Whitfield*, the defendant received a sentence of incarceration, but no probation. *Id.* at 62. The trial court subsequently revoked his "probation" and imposed a new sentence. *Id.* at 63. The defendant filed a motion to vacate his sentence, which was denied by the trial court. *Id.* While pending appeal, and two months after the sentence was imposed, the trial court *sua sponte* vacated the order, finding that the sentence was illegal. *Id.* As a result, the defendant withdrew his appeal because he was no longer aggrieved. *Id.* Thereafter, the Commonwealth appealed, asserting that the trial court did not have jurisdiction to *sua sponte* vacate the defendant's sentence. *Id.*

In both cases, our Supreme Court concluded that the trial courts had the inherent authority to vacate the illegal sentences even after the expiration of the 30-day period in Section 5505. *Holmes*, 933 A.2d at 67. In so holding, the Court noted that "[t]hese cases involve clear errors in the imposition of sentences that were incompatible with the record, as in *Whitfield*, or black letter law, as in *Holmes*." *Id.*

Here, Appellant argues that *Holmes* precluded the trial court's modification of his sentence because it lacked a patent and obvious error. Appellant analogizes his case to *Commonwealth v. Jackson*, 30 A.3d 516 (Pa. Super. 2011), where this Court relied on such a proposition to vacate a

- 5 -

sentence modified beyond the 30-day period of Section 5505. *See* Appellant's Brief, at 24-26.

In *Jackson*, the defendant was initially sentenced to 20 years' probation. Several years later, the trial court revoked the defendant's probation and resentenced him to 2 to 20 years' incarceration, to be served consecutively to any sentence the defendant was serving or awaiting to serve. The defendant appealed, and this Court affirmed the judgment of sentence.

About 20 years later, the defendant filed a PCRA petition arguing that his initial sentence was illegal because the trial court failed to specify the authority that would conduct his probation supervision, in violation of 42 Pa.C.S.A. § 9754(a).[2] Relying on *Holmes*, the defendant argued that the PCRA court had authority to consider his claim under its inherent jurisdiction to correct patent errors in sentences. This Court disagreed on two grounds: (1) there was no error in the defendant's sentence, let alone a patent and obvious illegality; and (2) the defendant failed to prove an exception to the PCRA time requirements as the claim was cognizable under the PCRA.

Appellant's argument is unavailing. First, this Court has distinguished *Holmes*, where the action was taken by the trial court on its own initiative, from cases where relief is being sought by a prisoner through the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. *See*

_____

[2] At the time *Jackson* was decided, Section 9754 stated, in relevant part: "In imposing an order of probation the court shall specify at the time of sentencing . . . the authority that shall conduct the supervision." 42 Pa.C.S.A. § 9754(a) (effective until December 17, 2019).

*Commonwealth v. Whiteman*, 204 A.3d 448, 451 (Pa. Super. 2019). We concluded that *Holmes* permits a trial court to modify a sentence, *sua sponte*, to correct a patent and obvious error; *Jackson* limits the authority recognized in *Holmes* in cases where a prisoner challenges the legality of his or her sentence through a PCRA petition because postconviction relief is subject to the PCRA's jurisdictional time-bar. *Id.* Thus, *Holmes* applies in the instant case, and the trial court had the inherent jurisdiction to correct a patent and obvious illegality in the sentence; *Jackson* did not bar the trial court here from correcting the illegality because it was not acting as a PCRA court granting postconviction relief.

Second, the error in Appellant's written sentencing order was patent and obvious. When imposing sentence on each offense "[t]he court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S.A. 9756(b)(1). A sentence of 7.5 to 10 years is incompatible with black letter law because it violates Section 9756(b)(1). Additionally, it is incompatible with the record wherein the trial court imposed the negotiated sentence of 7.5 to 20 years' incarceration. Therefore, the illegality of Appellant's sentence is patent and obvious, and the trial court had inherent authority to *sua sponte* correct that error.

Appellant next argues that the trial court violated the prohibition against double jeopardy when it increased his maximum sentence after he had served the maximum sentence as set forth in the written sentencing order. **See** Appellant's Brief, at 15-25. "By increasing the sentence, it subjected

[Appellant] to additional punishment for the same offense, in violation of double jeopardy." *Id.* at 16.

Challenges related to double jeopardy implicate the legality of the sentence; therefore, our standard of review is *de novo*. *Commonwealth v. Foster*, 17 A.3d 332, 337 (Pa. 2011) (citation omitted). The double jeopardy clause of the federal constitution provides, in relevant part, that no person "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. Similarly, the Pennsylvania Constitution provides that "[n]o person shall, for the same offense, be twice put in jeopardy of life or limb." Pa. Const. Art. I, § 10. Moreover, the double jeopardy clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Commonwealth v. Decker*, 664 A.2d 1028, 1029 (Pa. Super. 1995).

On this issue, we find *Commonwealth v. Jones*, 554 A.2d 50 (Pa. 1989) and *Commonwealth v. Harrison*, 661 A.2d 6 (Pa. Super. 1995) to be instructive. In *Jones*, the defendant was sentenced to concurrent sentences of 48 to 64 months each on three counts. *Jones*, 554 A.2d at 51. The trial court immediately recognized that the sentence was illegal because the minimum sentence was more than one-half the maximum sentence, in violation of 42 Pa.C.S.A. § 9756(b) ("The court shall impose a minimum sentence of confinement which shall not exceed one-half the maximum sentence imposed."), and corrected the sentence to 48 to 96 months. *Id.*

Our Supreme Court held that "an illegal sentence is a legal nullity, and sentencing courts must have the authority to correct such a sentence even if that means increasing the sentence." *Id.* at 52. In so holding, the Supreme Court noted that its disposition was consistent with *U.S. v. DiFrancesco*, 449 U.S. 117 (1980), wherein the High Court held that the federal constitution does not prohibit a trial court from increasing a sentence after the defendant begins serving the sentence. *Id.* at 389-90. The double jeopardy guarantee in the Pennsylvania Constitution is coextensive with federal constitutional standards. *See Commonwealth v. Sojourner*, 518 A.2d 1145, 1149 n.6 (Pa. 1986). "Thus, there can be no constitutional bar in this jurisdiction to an increase in sentence after service of the sentence has begun." *Jones*, 554 A.2d at 389.

In *Harrison*, this Court applied the holding of *Jones* to a case where the defendant appeared to have completed serving an illegal sentence. There, the defendant was convicted of driving under the influence ("DUI") and driving while operating privilege is suspended or revoked. *Harrison*, 661 A.2d at 6-7. The trial court sentenced Harrison to 90 days of house arrest, in violation of 75 Pa.C.S.A. § 1543(b)(1) which, at the time, provided for a mandatory 90 days of incarceration. *Id.* at 7. The Commonwealth appealed the illegal sentence, and Harrison argued that the appeal was moot because he had completed his 90 days of house arrest. *Id.*

This Court rejected Harrison's argument, vacated the illegal sentence imposed on the driving while suspended conviction and remanded for the trial

court to impose the statutory sentence set forth in Section 1543(b)(1). *Id.* at 7-8. In so holding, we noted our Supreme Court's pronouncement in *Jones* – an illegal sentence is a legal nullity – and concluded that the fact that the appellant "served" the illegal portion of his sentence does not prohibit a trial court from subsequently imposing a legal sentence. *Id.* at 8. "To hold otherwise would condone the imposition of patently illegal sentences and would invite trial courts to fashion sentences contrary to clear legislative intent." *Id.*

Here, Appellant argues that he had a legitimate expectation of finality in his *written* sentence; therefore, any modification or correction of the sentence violated double jeopardy. This argument too is unavailing. Appellant negotiated a plea deal wherein he would plead guilty to aggravated indecent assault of a child and sexual abuse of children and receive a sentence of 7.5 to 20 years of incarceration with a consecutive 10 years of probation. At sentencing, the trial court imposed said sentence, albeit failing to indicate on which count the incarceration and probation sentence were to be imposed. However, the written guilty plea colloquy indicated that the parties had negotiated a sentence of 7.5 to 20 years of incarceration for aggravated indecent assault of a child. *See* Guilty Plea Colloquy, 8/20/13.

The written sentencing order, entered on the same day, provided as follows:

**Count 3 – 18 § 6312 §§ B – [Sexual Abuse of Children] (F2)**

- 10 -

To be placed on probation – state (PBPP) regular probation – for a maximum period of 10 year(s) to be supervised by state sex offender unit of probation

**Count 4 – 18 § 3125 §§ B – Agg. Ind. Assault of Child (F1)**

*To be confined for a minimum period of 7 year(s) 6 month(s) and a maximum period of 10 year(s) at state correctional institution*

The following conditions are imposed:

Credit for time served: credit to be calculated by the Phila. Prison System
Other: Not RRRI eligible
Other: Defendant not a sexually violent predator

To be placed on probation – state (PBPP) regular probation – for a maximum period of 10 year(s) to be supervised by state sex offender unit of probation.

The following conditions are imposed:

Supervision – supervision under sex offender's unit: defendant to be supervised under sex offender's unit

[Count 4 probation is consecutive to Count 4 incarceration. Count 3 probation is concurrent to Count 4 probation.]

Sentencing Order, 12/5/13 (emphasis added).

In sum, the written sentencing order imposed a term of 7.5 to 10 years of incarceration, with a consecutive 10 years of probation on Count 4 (aggravated indecent assault of a child), and a separate concurrent 10-year term of probation for Count 3 (sexual abuse of children). The sentence of 7.5 to 10 years of incarceration is clearly illegal because the minimum sentence is more than one-half the maximum sentence, in violation of Section 9756(b).

The written sentencing order had a patent error. Appellant cannot now claim that he had an expectation of finality in that sentence. Appellant was

aware that he negotiated a plea deal with a specific sentence, and that sentence was imposed orally by the trial court. It is evident from the sentencing transcript that the trial court imposed the negotiated sentence of 7.5 to 20 years, and Appellant could not have been surprised by the modification of his sentence to those terms. He signed the written guilty plea colloquy acknowledging as much, and he was present for the sentencing hearing. Thus, the illegality of Appellant's sentence prevented double jeopardy from attaching, and the trial court's correction – increasing the maximum sentence to comport with the negotiated sentence – was valid. **See Jones, Harrison, supra.**[3]

Lastly, Appellant contends that the modified sentence imposed on November 17, 2023, is illegal on its face. We agree.

Appellant pleaded guilty to aggravated indecent assault of a child, graded as a felony of the first-degree, and sexual abuse of children, graded as a felony of the second-degree. The maximum sentence for a felony of the first-degree is 20 years, including any term of probation. 18 Pa.C.S.A. § 1103(1); 42 Pa.C.S.A. § 9754(a) (stating that any term of probation imposed by the trial court cannot exceed the maximum term that a defendant could be confined). The maximum sentence for a felony of the second-degree is 10

_____

[3] The cases relied upon by Appellant in his brief, **Commonwealth v. Quinlan**, 639 A.2d 1235 (Pa. Super. 1994) and **Commonwealth v. Borrin**, 12 A.3d 466 (Pa. Super. 2011) are inapposite as they were not decided on double jeopardy grounds. Therefore, any discussion of double jeopardy in those cases was *dicta*. Additionally, Appellant has not completed his sentence because he is serving, at the least, 10 years of consecutive probation.

- 12 -

years, including any term of probation. 18 Pa.C.S.A. § 1103(2); 42 Pa.C.S.A. § 9754(a).

Here, Appellant was sentenced to 7.5 to 20 years of incarceration with 10 years of consecutive probation on Count 4 (aggravated indecent assault with a child), and 10 years of probation on Count 3 (sexual abuse of children), concurrent with the probation imposed at Count 4. The sentence on Count 4 is illegal because it exceeds the maximum term allowed by statute. To correct the error as to Count 4, we must vacate the entire judgment of sentence and remand for resentencing, as our disposition upsets the trial court's overall sentencing scheme. *See Commonwealth v. Ali*, 197 A.3d 742, 759 (Pa. Super. 2018).

Judgment of sentence vacated. Remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/3/2025